[Civ. No. 135. Fourth Appellate District.—August 28, 1930.]

FRED J. LeBLOND, Respondent, v. CHARLES E. TOWNSLEY, Appellant.

Sweet & Plank for Appellant.

Wade Garfield for Respondent.

CARY, P. J.—Plaintiff brought this action to recover damages caused by a collision between his automobile and one driven by defendant's daughter. The answer pleaded contributory negligence. The court, sitting without a jury, found for plaintiff and gave him judgment in the sum of nine hundred dollars.

Appellant urges as grounds for reversal that the court made no finding on the issue of contributory negligence and that, under the evidence, the only finding possible would be one sustaining that defense.

Where such defense is interposed the court must make a finding with reference thereto. (*Tucker* v. *United Railroads*, 171 Cal. 702, 704 [154 Pac. 835]; *Maxwell* v. *Western Auto Stage Co.*, 46 Cal. App. 548, 551 [189 Pac. 170]; *Huntington* v. *Vavra*, 36 Cal. App. 352, 355 [172 Pac. 166].) Respondent contends, however, that the findings as made fully cover the issue. Among the allegations in the complaint are the following: "That on said day the plaintiff, with due care and diligence and with due regard for the safety of others, was driving," etc., and "that while the plaintiff was so driving and operating his said Buick automobile at said time and place with due care and regard for the safety of others," etc. Respondent argues that

since there is a general finding that all the allegations of the complaint are true, the contributory negligence of plaintiff is impliedly negatived, citing *Arrelano* v. *Jorgensen,* 52 Cal. App. 622, 625 [199 Pac. 855]. However, in the case at bar the general finding is in the following language: "That all the material allegations contained in the plaintiff's complaint herein are true." The word "material" deprives this finding of all significance. (*Turner* v. *Turner,* 187 Cal. 632, 635 [203 Pac. 109]; *Holt Mfg. Co.* v. *Collins,* 154 Cal. 265, 276 [97 Pac. 516].)

Under the enlarged powers given appellate courts by Code of Civil Procedure, section 956a, the situation does not necessarily require a reversal of the case, since this court is now empowered to make findings of fact in addition to those made by the trial court. We therefore turn our attention to the question of whether the evidence is such as to establish conclusively the contributory negligence of the plaintiff.

Defendant relies strongly upon the provisions of subdivision C of section 125 of the Motor Vehicle Act, which prohibits the driver of any vehicle from passing or overtaking another vehicle going in the same direction at any intersection of public highways except under certain conditions not present here. He contends that the car driven by his daughter and that of the plaintiff were both in an intersection at the time of the accident, that his daughter was merely completing the turn for which she had theretofore signaled, that plaintiff in attempting to pass her in the intersection was violating the express provisions of the Motor Vehicle Act referred to and that this violation was the proximate cause of the accident.

The facts as given by plaintiff's witnesses follow. Plaintiff was driving his Buick coupe easterly on Imperial Avenue, a paved highway in the city of San Diego. Imperial Avenue is not paved from curb to curb but only to a width of twenty feet. Going in the same direction and ahead of him was a Chevrolet coupe driven by one Meise and still further ahead was defendant's Ford coupe driven by defendant's minor daughter. There were at the time in question no buildings of any kind in the vicinity. Running across Imperial Avenue is San Jacinto Drive which, while shown on the map as a street eighty feet in width was, at the time in question, actually but two wheel tracks made by

automobiles passing over it.  As the car driven by defendant's daughter arrived at the intersection of Imperial Avenue and San Jacinto Drive defendant's daughter suddenly signaled for a left turn and at the same instant turned her car in that direction.  In order to avoid running her down the driver of the second car slammed on his brakes, sounded his horn and swerved his car sharply to the left.  Defendant's daughter realizing her danger swung her car quickly to the right, thus barely avoiding a collision and her car, after proceeding east on Imperial Avenue some fifty feet beyond the intersection, came to a standstill.  In the meantime plaintiff, traveling at about thirty miles an hour, had, in order to pass defendant's car, veered over to the left side of the pavement and was about even with defendant's rear wheels when without any signal or warning defendant's daughter started her car, turning it sharply to the left apparently with the intention of completing the turn which she had originally begun.  The hub-caps of the two cars struck, plaintiff's car shot sharply to the left, collided with a telephone pole, and the injuries complained of resulted.

█ The defendant's witnesses controvert much of the foregoing and it is quite obvious that the trial court was compelled to accept the version of one side or the other, since the testimony could not well be reconciled.  It chose to accept the version given by plaintiff's witnesses.  Furthermore, in view of the allegations of the complaint quoted above and the attempt of the court to find generally that all of the allegations of the complaint were true, it is a reasonable inference that the court intended to find in plaintiff's favor on the issue of contributory negligence.  Any other finding would have rendered impossible the judgment which the court actually gave.  We have carefully read the entire record and have concluded that the testimony shows that there was no contributory negligence on the part of the plaintiff.  This court therefore finds that the allegations of the affirmative defense of the answer, charging the plaintiff with contributory negligence, are untrue.  With this addition to the findings the judgment is affirmed.

Marks, J., and Haines, J., *pro tem.*, concurred.