283 P.2d 1096

Willis LARSEN and Virginia Larsen, husband and wife, Plaintiffs-Appellants,

v.

JEROME COOPERATIVE CREAMERY, an Idaho corporation, and Ross Swainston, an individual, Defendants-Respondents.

No. 8151.

Supreme Court of Idaho.

April 7, 1955.

As Modified on Denial of Rehearing

June 8, 1955.

Murphy & Schwartz, Shoshone, for appellants.

Frank M. Rettig, Jerome, Parry, Keenan, Robertson & Daly, Twin Falls, for respondents.

SMITH, Justice.

Appellants, surviving parents, seek recovery of damages for the death, August 5, 1953, of Clifford D. Larsen, their 9-year-old son, allegedly caused by the negligence of respondent Swainston, as an employee of respondent Jerome Cooperative Creamery, while operating a milk truck of van or enclosed body type, owned by respondent Creamery.

Appellants by their amended complaint charge negligence of respondents committed when respondent Swainston, in backing

the truck drove it upon and over the body of appellants' minor son, in the particulars: that respondent Swainston failed to give warning of his intentions to back the truck; that he failed to maintain proper lookout, and proper control of the truck while backing it, so as to avoid running over the child, and backed the vehicle too fast under existing conditions, when he knew or should have known that the child and other children frequented the area where the truck ran over the child.

Respondents by their answer admitted the operation of the creamery's truck by respondent Swainston upon appellants' farm August 5, 1953, but denied all allegations of negligence, and affirmatively plead contributory negligence of the boy.

The trial court denied respondents' motion for nonsuit; also denied appellants' motion, made at the close of respondents' case, to strike their affirmative defense of contributory negligence. The jury returned a verdict in favor of respondents and judgment resulted, that appellants recover nothing. Appellants moved for a new trial grounded on error of the trial court in failing to strike respondents' affirmative defense of contributory negligence and instructing the jury relating thereto, which motion the court denied. Appellants thereupon appealed.

Appellants assign error of the trial court in failing to grant their motion to strike respondents' affirmative defense of contributory negligence; also in instructing the jury on contributory negligence and particularly in giving eleven jury instructions in regard thereto; also in denying their motion for new trial.

The pertinent facts and circumstances are hereafter set forth.

Appellants in the operation of their farm, situate near Shoshone, produce milk which respondent creamery purchases and which respondent Swainston transported August 5, 1953, and for a time prior thereto, to the creamery by milk truck as the creamery's employee.

Respondent Swainston knew the Larsen children, had talked with them, and had previously told the two Larsen girls to stay out of the way of the truck, but not the boy.

Appellants were not at home during the morning of August 5, 1953. They had taken a daughter to a hospital at Gooding for surgical attention, using their pick-up truck. They left at home an 11-year-old daughter, Clifford the 9-year-old son, and a 2-year-old daughter. A neighbor kept occasional watch of the children.

Shortly before 11:00 o'clock A.M., Clifford left the dwelling house to look at some calves. The barn and farm yard adjoin the dwelling premises.

When respondent Swainston drove the milk truck into appellants' farm yard August 5th at about 11:00 o'clock A.M., to pick up the milk he noticed that appellants' pick-up truck was gone. He did not see a child or other person on the premises, and

did not sound a horn or other warning device. He parked the truck with engine running, near the barn, with the rear dual wheels in a depression of some 8 to 12 inches deeper than the surrounding terrain, which correspondingly lowered the back end of the truck while so parked. He then walked either around the front or the rear of the truck, and unloaded 4 empty milk cans and loaded 4 full ones through the rear right-side truck body door. He got a drink of water from a hose hanging out of a barn window, then walked around the front end of the truck and got into its cab.

Respondent Swainston then glanced into the right rear view mirror while the truck was still parked; that view was restricted because of the angle of the truck due to the depression in which its rear wheels were parked. He then accelerated the truck's engine so that he could back the truck out of the depression, with accompanying engine noise then and as he backed the truck. He glanced into the right rear view mirror once more while backing the truck, and then backed it in a wide arc of some 74 feet to the south and east. He did not look into the left rear view mirror at any time while backing the truck the 74 feet. The truck's rear view mirrors did not furnish any view to the immediate rear of the truck, nor until at some point in excess of 25 to 30 feet to the rear of the back end of the truck.

Respondent Swainston then drove the truck forward and out of appellants' farm yard, after he had been there an estimated one and a half to two minutes, and then continued to the creamery to unload the truck load of milk of some 8,000 pounds.

The boy's body was discovered a few minutes later, at the end of the 74 foot arc where the truck had been backed by respondent Swainston. The death of the boy was caused by fatal injuries received when the left rear dual wheel of the truck was backed over the boy's left leg and up over his back, coming to rest on his neck at the base of his skull. There was no eye witness of such untoward event.

■ The evidence was sufficient to justify the submission of the case to the jury on the issue of the negligence of respondents as alleged by appellants in their complaint.

■ Contributory negligence is a matter of defense and the burden of proving it rests on the party pleading it, unless it is made to appear from the evidence introduced by plaintiff. I.C. § 5–816; Cogswell v. C. C. Anderson Stores Co., 68 Idaho 205, 192 P.2d 383; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Koch v. Elkins, 71 Idaho 50, 225 P.2d 457; Bell v. Carlson, 75 Idaho 193, 270 P.2d 420.

■ The charge of contributory negligence must be sustained by substantial evidence in the record. Knauf v. Dover Lumber Co., 20 Idaho 773, 120 P. 157; Madron v. McCoy, 63 Idaho 703, 126 P.2d

566; Bell v. Carlson, 75 Idaho 193, 270 P.2d 420.

The evidence relating to the boy Clifford D. Larsen, up to the time when his body was found, is meager, and is as follows: he was 9 years old, and would have attained his 10th birthday in 23 more days; he was physically alert, an average pupil, possessed of good eyesight and hearing, cooperative in performance of farm chores, handy with machinery for a boy of his age, and had operated a tractor; his father had cautioned him and the other children about staying out of the way of the milk truck when it was in the farm yard; respondent Swainston knew the boy and had talked with him on previous occasions; shortly before 11:00 o'clock, the morning of August 5, 1953, the boy left the dwelling house through the back door remarking that he was going to look at some calves.

Respondents contend, that since apparently no one knows what the deceased boy was doing when he met his death, there is no theory for a jury to determine how he met his death except by resort to conjecture and surmise; for example, a reasonably prudent man might speculate that, as told by his father, the boy was in the barn commencing to clean it, decided to catch a ride on the truck's rear tire carrier, slipped out of the barn door close by the rear of the truck, got on the tire carrier and got jostled off the backing truck; and for example, that the boy could have tripped on the ground or over nearby twine and fell in the path of the backing truck. That identical argument was advanced in Adams v. Bunker Hill, etc., Min. Co., 12 Idaho 643 (on rehearing), 89 P. 624, 629, 11 L.R.A.,N.S., 844, as shown by the following:

"It has been argued by respondent's counsel that Adams' death may have been the result of any one of a number of causes; that he may have been thrown in there by an enemy; that he may have committed suicide; that he may have been intoxicated and fallen in; that he may have been experimenting as to some different method of applying the rosin; and a great many other theories appear to have been advanced as an explanation of his death."

The court ruled on such argument in the language:

"While any of these theories are among the possibilities, nevertheless the complaint of the plaintiff and the answer of the defendant reduce the issue as to the cause of his death to one proposition, and that is set out in paragraph 7 of the defendant's answer. We quote therefrom as follows: 'Defendant alleges that said Adams was killed through his own negligence, in this: that he carelessly and negligently allowed himself to become entangled in the pulley while carelessly and negligently putting rosin on the said belt and pulley.'"

The aforesaid ruling denies respondents' contention and forbids the application of theories of conjecture and surmise which they attempt to advance, since respondents' answer to the complaint reduced the issue as to the cause of the boy's death to the one proposition set out in respondents' affirmative defense in their language as follows:

"* * * such accident was the * * * result of carelessness on the part of said deceased son, in that he failed to make his presence in the vicinity of said truck known to the defendant Ross Swainston, and in that he either failed to keep a proper lookout for the movement of said truck or failed to remain away from the path of said truck."

And the evidence shows that the boy received fatal injuries and died as the result of. the untoward event involving the milk truck.

Respondents also urge, that since the boy was physically alert, of average intelligence, had good eyesight and hearing, and was more than normally responsible; that he had seen and knew the movements of the milk truck and his father had warned him to stay away from it; that the truck had been going into the Larsen farmyard for many months, all would point to the boy's negligence as a matter of law. This Court ruled on that same argument, urged in Fleenor v. Oregon Short Line R. Co., 16 Idaho 781, 102 P. 897, 903, in language as follows:

"The fact that Fleenor was an alert, active, and energetic man, as appears from the evidence, and that he was traveling with his face toward the west, the direction from which the train was coming, and that if this train had been displaying a headlight he would have been likely to see it, or had it been ringing the bell he would have been likely to hear it, tends to at least in a measure corroborate the evidence to the effect that this engine did not display a headlight and that no bell was rung or signal given."

That ruling in principle is applicable herein, since the boy's alertness and intelligence in the light of the untoward event involving the milk truck, whereby the boy met his death, augments the theory of negligence on the part of respondents and negatives the theory of negligence on the boy's part; particularly is this so since respondents produced no eye witness of the unfortunate incident whereby the boy met his death, nor otherwise adduced any evidence tending to negative the presumption of the boy's exercise of due care.

■ In an action for wrongful death, where there are no eye witnesses, and there are no circumstances indicating clearly to the contrary, there is a presumption that the person killed was at the time of the accident in the exercise of due care

445

and caution, which arises by reason of the natural instincts of self preservation and known disposition to preserve and protect oneself from personal injury. Geist v. Moore, 58 Idaho 149, 70 P.2d 403; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Koch v. Elkins, 71 Idaho 50, 225 P.2d 457; 16 Am.Jur., p. 207, Sec. 302.

Such presumption is given the effect of prima facie evidence unless satisfactorily rebutted or a fact contrary to the presumption is proven. Adams v. Bunker Hill, etc., Min. Co., 12 Idaho 643, 89 P. 624, 11 L.R.A.,N.S., 844; Fleenor v. Oregon Short Line R. Co., 16 Idaho 781, 102 P. 897; Graves v. Northern Pacific Ry. Co., 30 Idaho 542, 166 P. 571; Smellie v. Southern Pac. Co., 212 Cal. 540, 299 P. 529; Mecham v. Allen, 1 Utah 2d 79, 262 P.2d 285.

■ Contributory negligence, though generally a question of fact for the jury, becomes a question of law for the court when established facts and circumstances permit only one possible conclusion to be drawn by a reasonably prudent man. Dale v. Jaeger, 44 Idaho 576, 258 P. 1081; Bennett v. Deaton, 57 Idaho 752, 68 P.2d 895; Donovan v. Boise City, 31 Idaho 324, 171 P. 670; Bell v. Carlson, 75 Idaho 193, 270 P.2d 420.

■ The record is lacking of any substantial evidence, either direct or circumstantial, adduced either by appellants or respondents, sufficient to establish contributory negligence on the part of the boy, Clifford D. Larsen. Respondents failed to sustain the burden of proof required by their affirmative defense of contributory negligence.

The judgment of the trial court is reversed and the cause remanded with instruction to grant a new trial.

Costs to appellants.

KEETON and PORTER, JJ., concur.

ANDERSON, Justice (dissenting).

In view of the fact that the issues of negligence, both on the part of the truck driver and the deceased, must in a large part be determined in this case by circumstantial evidence, we think both issues were properly submitted to the jury and that its verdict thereon is conclusive.

In the recent case of Hilyar v. Union Ice Company, involving a five-year old child, decided February 10, 1955, 279 P.2d 601, 602(1), a District Court of Appeal of California affirmed judgment for defendants on the ground the evidence was insufficient to raise a question for the jury as to the driver's negligence with respect to lookout, speed and warning, the Court stated:

"Before a man can be saddled with a judgment to pay money for his negligence, his carelessness must be established by reliable evidence. To conclude Ingram's negligence from the

446

facts proved, a court would be required to do some speculating and conjecture that Ingram did not keep a look-out although he did; that he moved rapidly although he moved slowly; that he saw danger although he testified he sensed none.

"The law is that where the evidence received leaves a case in a mist of speculation, while it may be inferred from the injured condition of the body of the victim that he had been struck down, ' "yet these physical facts present no reasonable theory to the exclusion of many others as to the circumstances under which the accident occurred. * * * The evidence is consonant with any of many theories which may be advanced with equal force, but all of which are speculative and rest in mere conjecture." ' Greene v. Atchison, Topeka & Santa Fe Ry. Co., 120 Cal.App.2d 135, 142, 260 P.2d 834, 838. The evidence does not show that Raymond followed the truck or ran under it. Certainly there was no proof that he ran around it or otherwise came into Ingram's area of vision."

It is our opinion that under the facts in the case now before us, the matter was properly submitted to the jury and the judgment, based on its verdict, should be affirmed.

TAYLOR, C. J., concurs.