## No. 43,128

OIL TRANSPORT COMPANY, INC., *Appellee*, v. RICHARD PASH and OVA PASH, *Appellants*.

(380 P. 2d 841)

 Opinion
filed April 6, 1963. 

*J. Eugene Balloun,* of Great Bend, argued the cause, and *H. Lee Turner,* of Great Bend, and *Ray H. Calihan, Logan N. Green, Daniel R. Hopkins,* and *Ray H. Calihan, Jr.,* all of Garden City, were with him on the briefs for the appellants.

*Harrison Smith,* of Garden City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's judgment overruling the separate motions of defendants for new trial, for judgment on answers to special questions, for judgment notwithstanding the verdict, and from its order overruling defendants' demurrer to plaintiff's evidence.

The parties stipulated that the collision here involved took place at the intersection of South Main, or U. S. highway 83, and Downie Drive, one of the entrances to Finnup Park in Garden City, and that the amount of damage to plaintiff's transport truck was $4,060.76 and the damage to defendants' automobile was $300.00.

Although no question in regard to the pleadings is raised, a short reference will be made thereto for clarity.

In its petition plaintiff alleged that the following acts of negligence on the part of the defendant, Ova Pash, proximately caused plaintiff's damage: Her failure to keep a proper lookout; to make a proper turn; to keep her vehicle under control; to yield the right of way to plaintiff's vehicle before making a left turn; and her further failure to stop, turn her car aside or otherwise avoid the collision.

Defendants answered with a general denial and specifically stated Richard Pash was not negligent; that Ova Pash, driver of the car, was not acting in any capacity on behalf of Richard, Ova was not negligent, and if she were negligent, then plaintiff's driver was guilty of contributory negligence, which was the proximate cause of the collision, in that he was speeding in excess of thirty miles per hour, and attempting to pass on the left when both vehicles were within 100 feet of the intersection, in violation of G. S. 1949, 8-540 which in pertinent part reads:

". . . (*b*) No vehicle shall, in overtaking and passing another vehicle . . . be driven to the left side of the roadway under the following conditions: . . . (2) . . . when approaching within 100 feet of or traversing any intersection. . . ."

Plaintiff's driver was further guilty of contributory negligence in attempting to pass defendants' automobile in violation of G. S. 1949, 8-539, after Ova had signaled for and was making a left turn. The statute reads in part:

"(*a*) The driver of a vehicle may overtake and pass upon the right of another vehicle which is making or about to make a left turn. . . .,"

and he was also guilty for failure to sound his horn indicating his intention to pass defendants' car prior to turning out, passing to the left of defendants' car when it was not safe so to do, and failing to yield the right of way.

Defendant Richard cross-petitioned for damages to his car proximately caused by plaintiff's negligence as above stated. Plaintiff generally denied Richard's cross-petition and expressly denied contributory negligence on its part which was the proximate cause of the accident. Richard replied by a general denial to plaintiff's answer to the cross-petition.

Taylor, plaintiff's driver, and its first witness, testified, in substance, that where highway 83 changed from four to two lanes and a sign increased the speed from thirty to forty miles per hour, he began picking up speed. A car just ahead of him turned off the highway and defendants' car was the only other vehicle on the road. He checked in his front and rear vision mirrors and started to pull out for a pass. When he was approximately 200 feet from the intersection he saw defendants' car start to turn, he cut his wheels to the left, and applied his brakes 200 feet from the point of impact. He "recollected" his speed was thirty-nine miles per hours at the point of impact. Defendants' car hit the right rear wheels of the tractor. He heard Mrs. Pash telling the investigating officer she had neither signaled nor looked in her rear view mirror. He pointed out to the officer there were no yellow lines indicating a no passing zone. His truck made skidmarks for a length of fifty-nine paces.

On cross-examination Taylor stated he was familiar with the traffic laws and with the various intersections of highway 83 and roadways leading into Finnup Park in Garden City. He was also familiar with G. S. 1949, 8-540, regarding the overtaking and pass-

ing of another vehicle on the left when approaching within 100 feet of an intersection. He did not see any attempt by defendants to slow the speed of their car by applying their brakes. He applied his brakes because defendants' car was cutting into him. He slid about 200 feet. The point of impact was approximately nine feet south of the north edge of Downie Drive.

He further testified it would take about 900 feet for him to complete his pass since his speed was forty miles per hour and defendants' speed was thirty miles per hour. He had started to pass about 350 feet north of the intersection and had completed the pass at the intersection. He knew he had violated the state statute.

Dale Davis, a Garden City policeman, testified there were no yellow lines in the center of the highway. The point of contact on the plaintiff's tractor-trailer was ahead of the rear wheels of the trailer and the truck's skidmarks measured ninety-four feet before the point of impact. The truck wheels had left the highway 49.7 feet north of the north edge of Downie Drive and the vehicles came to rest in the ditch side by side.

The officer further testified that defendant, Ova Pash, stated to him that "she didn't signal for a left hand turn. She didn't state anything about looking in her rear view mirror."

Keith Denchfield, a deputy sheriff of Finney county, testified he located the sign reading "begin 40 end 30" miles per hour at 980.2 feet north of the north curve line of Downie Drive.

Ova Pash, called as a witness by plaintiff, stated she gave a left-hand turn signal at the speed limit sign, which was three or four hundred feet north of the intersection, by just putting her hand out. She drew it back and "rolled the window back up" because it was chilly and she had the heater on. Her speed was thirty miles per hour. She stepped on her brake lights when she was just "below the sign." She had seen the truck at the railroad tracks, had gone around it, and then saw it again in her rear view mirror when she was down near the filling station where the speed limit sign was located. She did not hear anything until she heard plaintiff's brakes when the truck was just ready to hit their car.

Richard demurred to plaintiff's evidence on the ground a cause of action was not stated against him. Ova demurred thereto on the grounds plaintiff's evidence affirmatively disclosed that Taylor, plaintiff's driver, was guilty of negligence when he attempted

to pass defendants' car within 100 feet of an intersection, which negligence was a direct and proximate cause of the collision, and that the evidence showed plaintiff's driver had continuous notice of Ova's intention to turn for more than 100 feet prior to the intersection and his subsequent actions showed contributory negligence, which was a direct and proximate cause of the damage to all vehicles involved. Both demurrers were promptly overruled by the trial court.

Richard, the first witness for the defense, testified that Ova was driving about thirty miles per hour and the only other traffic at the time was plaintiff's truck. She signaled a left turn by the filling station and made a left turn into Downie Drive. When she had almost completed the turn, the truck crashed into their car. He did not hear any warning signal before the collision and the truck took the car right along with it.

Ova followed Richard on the stand and stated they were "pretty well into Downie Drive" before the collision occurred. The screech of brakes was the first notice she had of the impending collision. She did not have time to look up to see where the noise came from. The back of the cab struck their car and the two vehicles came together in a sort of sliding motion. She had started braking their car at the speed sign and continued to do so on into the intersection. When the truck went into the ditch, their car was released. She told the investigating officer she did not make a left turn signal as she was actually turning at the intersection because after she had looked in the rear view mirror, she thought she was far enough ahead of the truck to make the turn. She had signaled some distance to the north. On cross-examination she stated she commenced making the turn about half way between the speed limit sign and Downie Drive. She did not know there was a truck within "a hundred feet until he hit." She did not keep her hand out continuously because it was cold. The truck was in the intersection the instant she heard the brakes.

Rebuttal testimony of Taylor lends nothing to the record affecting this appeal.

Both parties rested and defendants moved for a directed verdict setting up the same grounds as were relied on for the demurrers.

The trial court submitted its instructions to counsel and defense counsel object to instruction No. 4 and particularly the third

paragraph thereof. We shall briefly review the pertinent instructions:

No. 1 covered the pleadings; No. 2 referred to the stipulations already mentioned herein; and No. 3 imputed the negligence of Taylor to plaintiff.

No. 4 set out rules of the road, a defense of due care, and a third paragraph, specifically objected to by defendants which is later set out and discussed herein. Included also in No. 4 was the stock statement that violation of certain statutory regulations with reference to the use and operation of motor vehicles on the public highways, if the proximate cause of harm to another, is *actionable* negligence for which the injured party may recover damages. No. 5 set out G. S. 1959 Supp., 8-501, defining an intersection and instructed that the junction of U. S. highway 83 and Downie Drive is an intersection within the meaning of such statute.

No. 6 quoted from G. S. 1949, 8-547, to the effect that before a person may turn a vehicle from a direct course upon a highway he shall give an appropriate signal in the event *any other vehicle* may be affected thereby, and further quoted therefrom:

"(b) A signal of intention to turn right or left *shall be given continuously* during not less than the last 100 feet traveled by the vehicle before turning." (Our emphasis.)

No. 6 also referred to the applicable portion of G. S. 1959 Supp., 8-549, providing the method of giving signals either by arm or by lamps. No. 7 referred to speed, No. 8 to passing, which has been heretofore mentioned, and No. 9 quoted G. S. 1949, 8-544, stating that the approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof. No. 10 referred to the fact that one driver has a right to assume others using the highway will observe the law *until he has knowledge to the contrary* and explained how this applied hereto. No. 11 was on the proof of negligence, No. 12 on proximate cause, and the remaining thirteen instructions were the usual stock instructions.

Defendants requested instructions which were properly refused by the trial court. We think the instructions given by the trial court herein fully cover the issues raised by the pleadings and the evidence in the case.

The trial court submitted eleven special questions to the jury to which answers were given as follows:

"1. Was the plaintiff's vehicle passing on the left within one hundred feet of the intersection of U. S. Highway 83 and Downie Drive? A. Yes.

"2. If you answer question No. 1 'yes', do you find such act of passing was a proximate cause of the collision? A. No.

"3. Did the driver of the plaintiff's vehicle sound his horn or give any audible signal of his intent to pass defendants? A. No.

"4. If your answer to question No. 3 is 'no', do you find his failure to sound his horn or give audible signal was a proximate cause of the collision? A. No.

"5. State the act or acts of negligence, if any, of the driver of the plaintiff's vehicle. A.:

"6. State the act or acts of negligence, if any, of Ova Pash. A. Failure to keep a proper lookout. Failing to make a proper turn. Failing to yield right of way to plaintiff's vehicle before making left turn. Failing to stop, turn her car aside or otherwise avoid collision.

"7. At the time of the collision was the plaintiff's vehicle traveling at an excessive rate of speed under the then existing circumstances? A. No.

"8. If your answer to question No. 7 is 'yes', was such excessive rate of speed a proximate cause of the collision? A.:

"9. How far was the plaintiff's vehicle from the intersection when it started to pass the defendants? A. Approximately 900 feet.

"10. Did the defendant, Ova Pash, give a proper signal at the proper place of her intention to make a left-hand turn? A. No.

"11. If you answer question No. 10 'no', was her failure to do so a proximate cause of the accident? A. Yes."

The jury returned two forms of verdict as follows:

"We, the jury, empaneled and sworn in the above entitled case, do upon our oath, find for the plaintiff in the sum of $4,060.76."

"We, the jury, empaneled and sworn in the above entitled case, do upon our oath, find for the plaintiff, Oil Transport Company, Inc."

Defendants filed separate motion for judgment on answers to special questions and more particularly, answers to special questions No. 1 and 3 because the negligence contained therein on the part of plaintiff was the direct and proximate cause of the resulting collision and barred plaintiff's recovery. Defendants also filed separate motion for new trial asking the court to set aside the answers to special questions No. 2, 4, and 9 and further moved to set aside the following quoted portions of the answers to special question No. 6:

1. "Failure to keep a proper lookout" because there was no such duty on defendants to keep such lookout to the rear.

2. "Failure to yield right-of-way to plaintiff's vehicle before making a left turn" because the answers to special questions submitted

showed that plaintiff was not entitled to the right of way when defendants made the left turn.

Defendants thereafter filed a motion for judgment notwithstanding the verdict and in the alternative for a new trial.

The trial court accepted the verdict, discharged the jury, entered judgment in favor of plaintiff and against Ova Pash for the stipulated sum of $4,060.76, and overruled all of the defendants' post trial motions. Hence this appeal.

The first question to be considered is whether the trial court erred in overruling defendants' demurrer to the evidence and in overruling defendants' motion for a directed verdict made in compliance with the rule prescribed in *Ziegelasch v. Durr,* 183 Kan. 233, 326 P. 2d 295:

"Where defendants' demurrer to plaintiff's evidence is overruled, and defendant elects to introduce evidence on his own behalf, the question of whether the case should be submitted to the jury at the close of all the evidence depends upon a consideration of all of the evidence produced by the parties. Under such circumstances, defendant must again raise the sufficiency of the evidence by a motion for a directed verdict or be deemed to have waived the sufficiency of plaintiff's evidence as raised by his former demurrer." (Syl. ¶ 1.)

In discussing the trial court's order overruling their demurrer to plaintiff's evidence defendants cite certain decisions of this court (see *Most v. Holthaus,* 170 Kan. 510, 513, 227 P. 2d 144, and cases cited therein) but we are of the opinion those cases are inapplicable here because of the particular factual situation disclosed by our present record. On the other hand, plaintiff argues the appropriate and applicable rule is that stated in *Krentz v. Haney,* 187 Kan. 428, 357 P. 2d 793:

"In determining whether as a matter of law a plaintiff is guilty of contributory negligence which precludes his recovery for injuries sustained, all of the testimony favorable to the plaintiff must be accepted as true, and if the facts are such that reasonable minds might reach different conclusions thereon, the question must be submitted to the jury and cannot be determined by the court as a matter of law." (Syl.)

Plaintiff also cites *Hubbard v. Allen,* 168 Kan. 695, 699, 701, 702, 215 P. 2d 647, wherein one truck was attempting to pass a second truck, and when the passing truck was even with, or slightly ahead, of the second truck, the driver thereof gave a signal for a left turn. The passing truck tried to avoid the collision but was unable to do so. It was there said that since the two trucks were in the par-

ticular situation they were, the sounding of a horn could have given no better notice than the fact that the passing truck was in plain view of the second truck, the driver of which was signaling for a left turn while his attention was to the right. We there adhered to the rule that mere violations of the statutes regulating traffic on the highways are not sufficient to make the driver of an automobile guilty of *actionable* negligence in an action for damages growing out of a collision unless such violations *contributed to the accident and were the legal cause* of the injuries sustained. The opinion concludes with this statement:

"In our opinion the answers can be reconciled with the general verdict, and do not convict the plaintiff of negligence which was the legal cause of his injuries." (p. 702.)

Applying these rules to the above narrated evidence of plaintiff herein, we are convinced there was ample testimony to justify the trial court's order overruling defendants' demurrer thereto, and on consideration of the entire record, we think the evidence was also ample to overrule the motion a for directed verdict. We are unable to say that minds of reasonable men could not differ upon the proposition of negligence, contributory negligence, and whether either or both were the proximate, or legal, cause, or causes, of the injuries sustained. Thus on the first question presented we conclude the trial court properly overruled defendants' demurrer to the evidence and also their motion for directed verdict.

The next question is whether the trial court erred in failing to grant judgment on the answers to the special questions, previously set out herein. Careful examination of the answers reveals nothing contrary to the jury's general verdict in favor of plaintiff. While it is true that violations of the statutes pertaining to laws and rules of the road may constitute negligence, the jury in its answers to questions Nos. 2 and 4 specifically found that such violations by plaintiff were not the proximate cause, or causes, of the collision from which plaintiff's injuries flowed. See *Siegrist v. Wheeler*, 178 Kan. 286, 290, 286 P. 2d 169, where, as here, there was sufficient evidence to support each and every special finding of the jury, and we stated that such special findings will not be disturbed on appellate review even though the record discloses some evidence which might have warranted contrary answers.

In *Koch v. Suttle*, 180 Kan. 603, 306 P. 2d 123, where a collision occurred between plaintiff's truck making a left turn and defend-

ant's automobile trying to pass on the left at a rural intersection, many of the cases cited by present counsel were discussed and we think it unnecessary to reiterate that discussion except to point out that here, as there, another very cogent reason for the statement the answers to special questions were amply supported by the evidence is the rule that after the trial court refused to set aside answers to certain special questions, defendant moved for judgment notwithstanding the verdict and this court stated that in order to obtain a ruling on such a motion, or for the purpose of testing such a ruling, it is admitted that all special findings are supported by the evidence. (p. 607.)

The next question challenges the instructions of the trial court and more particularly the following portion of instruction No. 4:

"It is the duty of all drivers of motor vehicles on the highways to keep a lookout for other vehicles using the highways and which may be approaching from the opposite direction or which may be traveling ahead in the same direction or following or approaching from behind, and the driver of a motor vehicle on the highways is presumed to have seen that which he could or would see had he been exercising due care."

In defendants' argument they call attention to the Koch case where we said that a motorist in a hurry has no absolute right to require all other cars ahead of him to get out of his way, but the evidence in this record does not show that plaintiff was speeding either by exceeding the speed limit prescribed or under the conditions of the road or the weather. Further, Ova testified she had looked in her rear vision mirror when she passed the filling station and had seen the plaintiff truck but thought she had time to make the left turn and she paid no further attention with the result she had no idea where the truck was when she actually started her turn to the left. The only evidence in the record on this point is that of the plaintiff driver who stated he saw her cutting in and he immediately swerved to the left. We cannot say defendants in this case, after having seen the trailing vehicle, could ignore its presence on the highway.

The fourth and final objection is made to a remark in the opening statement of plaintiff's counsel that defendant, Ova Pash, as a result of her illegal left turn was arrested, given a ticket, and fined. A proper objection thereto and a request that the jury be admonished to disregard such statement was sustained by the trial court and the members of the jury were told to disregard any statement of counsel relating to an arrest of any kind and to put such

statement entirely out of their minds. There is nothing in the record indicating such remark was repeated and we are of the opinion the jury followed the trial court's admonition which was sufficient to remove any question as to the prejudicial effect thereof. (*Bagnall v. Hunt,* 131 Kan. 805, 812-813, 293 Pac. 733.)

Consideration of the entire record compels us to conclude there was no prejudicial or reversible error committed by the trial court.

Judgment affirmed.

SCHROEDER, J., dissents.