375 F.2d 258
 Alice CHATTERTON, a widow, and Brenda Jean Chatterton, a
minor by her Guardian ad Litem Alice Chatterton, Appellants,
v.
Russell E. GREEN, a minor, and Robert A. Green and Mrs.
Robert A. Green, husband and wife, Appellees.
 No. 20441.
 United States Court of Appeals Ninth Circuit.
 March 23, 1967, Rehearing Denied May 11, 1967.
 
 Sidney E. Smith, Smith, Kimball & Reed, Coeur D'Alene, Idaho, Del Cary Smith, Smith, Smith & Smith, Spokane, Wash., for appellants.
 E. L. Miller, Coeur D'Alene, Idaho, for appellees.
 Before MERRILL and KOELSCH, Circuit Judges, and BEEKS, District Judge.
 KOELSCH, Circuit Judge.
 
 
 1
 This is a diversity action arising out of an automobile accident that occurred in the State of Idaho. George Chatterton, driving south on Highway 95 about four miles north of Sandpoint, Idaho, was attempting to pass a car driven by the minor defendant, Russell Green, when the two cars collided. George Chatterton was killed in the collision; his wife, alice, suffered personal injuries.
 
 
 2
 Mrs. Chatterton Brought suit to recover damages against Russell Green. In her complaint she set out two claims-- one for the wrongful death of her husband George, the other for personal injuries sustained by herself in the same accident. She brought in Green's parents as additional parties defendant, on allegations that Russell Green was operating the automobile as their agent and additionally that, as owners of the vehicle, they were liable under Idaho Code 49-1404 for its negligent operation by a person driving with their permission.[1] The jury returned verdicts against her on both claims. This appeal followed.
 
 
 3
 At the trial three witnesses gave testimony relevant to the accident. Appellant testified that she and her husband left Cranbrook, British Columbia, in their automobile between 5:30 and 6:00 A.M. on the morning of September 2, 1963; her husband drove the car; she was the only passenger and was seated in the front seat of the automobile beside him; the road was wet and it was raining; at about 8:00 o'clock they approached another car driven by defendant Green, which was proceeding in the same direction head of them; gradually they began to overtake the Green car; when they came over the crest of a hill in the highway they began to pass the car ahead of them at a speed of approximately 50 to 55 miles per hour; her husband did not at any time sound the horn, nor did she request him to do so; as their car came abreast of defendant's car the latter swerved to the left striking their car and causing it to leave the road; their car eventually overturned in an embankment at the side of the road.
 
 
 4
 Russell Green testified to the effect that the surface of the road was wet due to rain; about two miles from the scene of the accident he first felt his car slipping towards the center of the road; he reduced his speed and proceeded at about 45 miles per hour until the collision; before he reached the crest of the hill on the downslope of which the accident occurred his car again slipped; he corrected the slippage and continued on; he did not observe or hear the Chatterton car coming up behind him; in fact, he was not aware of its presence until the collision occurred; he was on his own side of the road at the moment of impact.
 
 
 5
 Idaho State Policeman Ronald Bruce arrived at the scene shortly after the accident took place. He testified that he found no debris or skid marks on the highway and was unable to given an opinion as to precisely where the two cars came in contact with each other or which car, if either, crossed over the center line in the road; the accident did take place, however, somewhere within a 600 foot passing zone on the downslope of a small hill; from his investigation of the two vehicles it appeared that the right front fender of the Chatterton car had come in contact with the left front fender of the Green car.
 
 
 6
 From this evidence appellant asserts that the district court should have directed a verdict for her on both claims. We disagree. Appellant's claims, of course, were based on a charge that defendant Green was negligent and that his negligence was the sole proximate cause of the accident. Green denied he was negligent and, by way of affirmative defense, urged that the accident occurred solely because of the negligence of appellant's decedent and of appellant herself. The resolution of these issues depends upon an evaluation of all the facts and circumstances. The evidence adduced permits of too many conflicting inferences to decide the question as a matter of law.
 
 
 7
 At the outset it must be noted that the jury could have exonerated Green from negligence altogether. It could have decided that the accident was caused solely by George Chatterton, in that he attempted to cut back to the right hand lane before it was safe to do so.
 
 
 8
 1-3$ But even assuming that Russell Green was in fact negligent, the jury could still have found that appellant was barred from recovery on both of her claims because of the doctrine of contributory negligence.[2] The jury could have concluded either that George Chatterton was traveling at an excessive rate of speed under the existing driving conditions or that he should have sounded his horn to insure safety. Either Finding would be sufficient to bar recovery on the claim for wrongful death.
 
 
 9
 However, appellant urges that the court erred in instructing the jury concerning contributory negligence on her part, it being her contention that the record is devoid of any evidence to support such an instruction.[3]
 
 
 10
 Ordinarily a passenger owes no duty to participate in the management of a vehicle in which he is riding. This rules applies also to the giving of cautionary suggestions, since in some circumstances interference by the passenger may confuse and distract the driver to such an extent as to increase rather than diminish a potential danger. See Richlin v. Gooding Amusement Co., 113 Ohio App. 99, 170 N.E.2d 505 (1960), appeal dismissed,172 Ohio St. 342, 175 N.E.2d 516 (1961); Restatement (Second), Torts 495 (1956).
 
 
 11
 But a passenger does have a duty to act as a reasonably prudent person would act under the circumstances to insure his own safety. hodge v. Borden, Idaho, 417 P.2d 75 (1966). Thus if danger exists and a reasonably prudent person would recognize its existence, a passenger's failure to give a reasonable warning to the driver would constitute negligence; and if the driver would have had time to prevent the accident by heeding the warning, the passenger's failure to act would be a proximate cause of his injury and would constitute contributory negligence. See Yearout v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co., 82 Idaho 466, 354 P.2d 759 (1960); Dillon v. Brooks, 52 Idaho 510, 6 P.2d 851 (1931); Moran v. Washington, Idaho & Montana Railroad Co., 279 F.2d 935 (9th Cir. 1960) (construing Idaho law).
 
 
 12
 It thus appears that one of the vital considerations in determining the effectiveness of a warning is the opportunity afforded to act upon it. We would agree with appellant that if a dangerous situation became apparent within such a brief interval before injury resulted as to preclude action by the driver, then a passenger could not be chargeable with negligence for failure to act. See Krizak v. W. C. Brooks & Sons, Inc., 320 F.2d 37 (4th Cir. 1963); Mann v. Bowman Transportation, Inc., 300 F.2d 505 (4th Cir. 1962).
 
 
 13
 However, such a situation is not necessarily revealed by the evidence presented to the jury in the case at bar. Appellant herself testified that the Green car was visible for a period of time before the accident; that the road was slippery; that her husband was traveling around 55 miles per hour; that no signal of the horn was given either before or during the act of passing. Although we might view this evidence differently, a jury could have found that Mrs. Chatterton had a duty to warn her husband either not to pass at all at that speed or not to pass without first sounding his horn. They could further find that she had ample time before the accident to make such a warning and that her failure to warn proximately caused her injuries. The evidence is slim and the inferences would be strained, but we cannot say that no reasonable man could so conclude.
 
 
 14
 Finally appellant contends, basing her argument on cases such as Devine v. Cook, 3 Utah 2d 134, 279 P.2d 1073 (1955) and Rainier Heat & Power Co. v. City of Seattle, 113 Wash. 95, 193 p. 233 (1920), that the court erred in its instruction regarding contributory negligence as related to George Chatterton, She asserts that this instruction failed to state, as required by Idaho law, that contributory negligence only bars recovery where it is a proximate cause of the injury suffered. See Osier v. Consumers' Co., 42 Idaho 789, 248 P. 438 (1926). But instructions must be considered and construed as a whole. Stoddart v. Idaho Concrete Products Co., 76 Idaho 417, 283 P.2d 922 (1955); Burns v. Getty, 53 Idaho 347, 24 P.2d 31 (1933). A reading of the entire set of instructions reveals that the jury was adequately informed about the necessity of finding proximate cause.
 
 
 15
 There being no error in the proceedings below, the judgment is affirmed.
 
 
 
 [1]
 Since Russell Green was the only person actually involved, we refer to him in this opinion as the defendant
 
 
 [2]
 Since appellant could not recover on decedent's claim unless he himself could have recovered, decedent's contributory negligence would preclude relief on the wrongful death claim. But his negligence cannot be imputed to her for the purpose of her own action for personal injuries sustained. See Clark v. Foster, 87 Idaho 134, 391 P.2d 853 (1964). To bar recovery here Alice Chatterton herself would have to be found contributorily negligent
 
 
 [3]
 The giving of an instruction without evidentiary support is error. Larsen v. Jerome Cooperative Creamery, 76 Idaho 439, 283 P.2d 1096 (1955)
 For cases in which the evidence was considered insufficient to warrant submission of the issue of contributory negligence to the jury, see Krizak v. W. C. Brooks & Sons, Inc., 320 F.2d 37 (4th Cir. 1963); Mann v. Bowman Transportation, Inc., 300 F.2d 505 (4th Cir. 1962); R. J. Reynolds Tobacco Co. v. Newby, 145 F.2d 768 (9th Cir. 1944); Richlin v. Gooding Amusement Co., 113 Ohio App. 99, 170 N.E.2d 505 (1960), appeal dismissed, 172 Ohio St. 342, 175 N.E.2d 516 (1961); Wolfe v. Ornelas, 84 Ariz. 115, 324 P.2d 999 (1958); Devine v. Cook, 3 Utah 2d 134, 279 P.2d 1073 (1955).