461 P.2d 255

John William BRADBURY and Patricia A. Bradbury, husband and wife, Plaintiffs-Appellants,

v.

Nephi M. VOGE, Emil Voge and Wilma Voge, Defendants-Respondents.

No. 10430.

Supreme Court of Idaho.

Nov. 17, 1969.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for appellants.

Petersen, Moss & Olsen, Idaho Falls, for respondents.

SHEPARD, Justice.

This case involves a collision between a motorcycle driven by plaintiff-appellant John Bradbury and the automobile driven by defendant-respondent Nephi Voge. Summary judgment was entered by the district court in favor of defendants on the basis that Bradbury was driving his vehicle on the left side of the highway while traversing an intersection and that such constituted a violation of statute and hence contributory negligence. We affirm the action of the district court.

Since no trial has taken place, all evidentiary matters come to this Court by way of deposition and/or affidavit. John Brad-

bury received severe permanent injuries in the collision and has never recovered consciousness. His testimony is, therefore, unavailable.

Nephi M. Voge, driver of the automobile, and his parents, who were the owners and passengers, are all defendants and respondents in this action. On June 30, 1968, they were en route to church driving easterly along U.S. Highway 26 east of Idaho Falls. The testimony of the automobile driver is that he was searching for the intersection of Milo Road and U.S. Highway 26, and consequently was driving very slowly when he observed a sign designating the Milo Road intersection approximately 200 feet prior to the intersection. He switched on his left turn indicator light. He was traveling approximately five miles per hour when he began his left turn onto Milo Road. He testified that although he looked in his rearview mirror, he did not see the motorcycle or its rider. As the Voge automobile began its left turn and was approximately four feet north of the center line, it was struck on the left front fender by the motorcycle also driven in an easterly direction by Bradbury. The Voge automobile was damaged extensively and the motorcycle landed in a field north of the highway.

The accident happened at 7:35 P.M. The weather was clear, the road dry and visibility was not impaired. The intersection was well marked by signs and was clearly visible for considerable distance.

An independent eye witness was a passenger in the rear seat of an oncoming car which was traveling westward on U.S. Highway 26 and which turned right onto Milo Road just prior to the collision. That witness testified that the left turn signal on the Voge car was not operating until the Voge vehicle reached a point 50 feet before the intersection. At that point the automobile in which the witness was riding turned to the right. That witness also failed to see the motorcycle operated by Bradbury. When the witness returned to the accident scene immediately after the

collision, the left turn signal cf the Voge automobile was operating.

This action was filed against the defendants-respondents alleging the negligence of the driver of the Voge automobile in failing to signal and give warning of his impending left turn. No responsive pleading was filed by defendants-respondents, but they moved for summary judgment which was granted by the trial court. That court found the plaintiff-appellant to be contributorily negligent as a matter of law in operating his vehicle on the left side of a highway while traversing an intersection in violation of I.C. § 49–713. From a denial of a motion to set aside that summary judgment plaintiffs-appellants appeal.

Appellants first assign error in the trial court in sustaining a motion for summary judgment absent a responsive pleading by defendants. I.R.C.P. 56(b) provides:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

I.R.C.P. 56(b) is identical to the same numbered Federal rule. It is our opinion that a responsive pleading need not necessarily be filed before a movant may seek summary judgment. 6 Moore's Federal Practice, § 56.08, and cases cited therein.

It is obvious from the above recited facts that there is conflicting evidence regarding the indication of an intended left turn by the driver of the automobile. This Court has consistently held that on a motion for summary judgment all doubts are resolved against the moving party and all evidence must be liberally construed in favor of the party opposing the motion. Jack v. Fillmore, 85 Idaho 36, 375 P.2d 321 (1962). At this juncture of the case, we may, therefore, assume for the purposes of discussion that the defendant-respondent driver of the automobile was guilty of negligence in failing to indicate an intention to make a left turn as is required by statute.

Regardless of the negligence on the part of the defendant-respondent, if the plaintiff is shown to be contributorily negligent, such is a bar to his recovery. Plaintiff-appellant calls our attention to the presumption of due care which attaches to one who was killed in an accident or sustained such injuries as to be unable to testify. Geist v. Moore, 58 Idaho 149, 70 P.2d 403 (1937); Department of Finance of State v. Union Pacific Railroad Co., 61 Idaho 484, 104 P.2d 1110 (1940); Larsen v. Jerome Cooperative Creamery, 76 Idaho 439, 283 P.2d 1096 (1955); Haman v. Prudential Insurance Co. of America, 91 Idaho 19, 415 P.2d 305 (1966). In the case at bar the plaintiff-appellant who was riding the motorcycle has sustained such injuries as to be unable to communicate in any way and we may, therefore, concede that in the absence of any controverting evidence the presumption of due care on the part of the motorcycle rider would be sufficient to carry him past a motion for summary judgment or a non-suit at the conclusion of plaintiffs' case at trial. Such, however, is not the case here. There is direct uncontroverted evidence that the plaintiff motorcycle rider was operating his vehicle on the left side of the center line of the highway while traversing an intersection at the time the collision occurred. Such conduct is in violation of I.C. § 49–713, which provides in pertinent part:

"(a) No vehicle shall at any time be driven to the left side of the roadway under the following conditions: * * * (2) When approaching within 100 feet of or traversing any intersection * *."

Violation of I.C. § 49–713 constitutes negligence per se. Bale v. Perryman, 85 Idaho 435, 380 P.2d 501 (1963).

We are, therefore, faced with a situation involving a presumption of due care, together with positive evidence of a lack of due care. We believe the later and better reasoned Idaho cases set forth the desirable rule in such circumstances. For ex-

ample, Larsen v. Jerome Cooperative Creamery, supra, at p. 445, 283 P.2d at p. 1100, states:

"Such presumption is given the effect of prima facie evidence unless satisfactorily rebutted or a fact contrary to the presumption is proven."

In Ineas v. Union Pacific Railroad Co., 72 Idaho 390, 405, 241 P.2d 1178, 1189 (1952), the court stated:

"The fourth proposition of law is that if there is positive evidence which conclusively contradicts the presumption of due care and caution which applies to a person killed, and by thus showing the person has not exercised such due care and caution, it not only overcomes the presumption, but prevents recovery by the deceased's representatives."

Appellants rely heavily upon the case of Haman v. Prudential Insurance Co. of America, supra. That case was an action on an insurance policy with a defense of suicide. An instruction was given explaining the presumption of due care and the instinct for preservation of one's own life and that instruction was assigned as error. This Court approved the instruction. There was no testimony whatsoever in that case by any eye witness concerning the actions of the decedent. In that respect Haman is distinguishable from the case at bar in that it has been conclusively established here that the plaintiff-appellant motorcycle rider was operating his vehicle on the left side of the road while traversing an intersection.

Appellants argue that Bale v. Perryman, supra, establishes an exception to the above-stated rule that violation of a statute enacted for the protection of motorists constitutes negligence per se and is a bar to a plaintiff's recovery. That case does indeed stand for that principle. Bale v. Perryman, supra, at p. 443, 380 P.2d at p. 505, states:

"Such circumstances may generally be classified in four categories: (1) Anything that would make compliance with the statute impossible; (2) Anything

over which the driver has no control which places his car in a position violative of the statute; (3) An emergency not of the driver's own making by reason of which he fails to obey the statute; (4) An excuse specifically provided by statute."

This Court in the recent case of Petersen v. Parry, 92 Idaho 647, 653, 448 P.2d 653 (1968), had for consideration facts showing a head-on collision between two cars and the death of all occupants therein. It was established that one of the vehicles was being driven on the left or wrong side of the highway in violation of statute. In response to an argument that the operator of that vehicle was entitled to a presumption of due care, the court said:

"There is no question but what $R_2$'s vehicle was being driven substantially upon the left (instead of the right) half of the roadway at the time of the collision, and therefore $R_2$ was in violation of I.C. § 49–708.; for the evidence does not disclose that such driving by $R_2$ came within any of the exceptions provided in this statute. Such violation constitutes negligence per se by $R_2$. (citation omitted) The evidence discloses no circumstances which would furnish an excuse or justification for the negligence presumed to arise upon proof of the violation of a positive statute, such as I.C. § 49–708, enacted for the protection of motorists. Thus $R_2$ must be deemed to have been negligent per se."

Thus, in the case at bar the evidence discloses violation of a positive statute enacted for the protection of motorists and there is no evidence disclosing circumstances which would furnish an excuse or justification for that negligence. If such evidence is or was available, plaintiffs-appellants were required to produce it. As stated in 3 Federal Practice and Procedure, Barron & Holtzoff, § 1235, at page 146:

"If, however, the moving party presents evidence which would entitle him to a directed verdict if not controverted and the opposing party does not discredit it,

the opposing party must at least specify some opposing evidence that he can present which will change the result. In other words the opposing party must show a plausible ground for his claim or defense. Facts set out in the moving party's affidavit showing that he is entitled to judgment must be accepted as true when not met by counter-affidavits or testimony."

To summarize, the evidence before the trial court on the motion for summary judgment indicated a controverted question of fact as to whether or not defendant driver of the automobile was negligent in failing to signal his intention of making a left turn for a sufficient time before starting his turn as required by statute. However, regardless of the negligence of the defendant, the plaintiff could not recover if he were contributorily negligent. The uncontroverted evidence indicates that plaintiff was operating his vehicle on the left side of the highway while traversing an intersection. Such conduct is negligence per se absent any excuse or justification therefor. No such excuse or justification has been shown.

The action of the district court in entering summary judgment for the defendant is affirmed. Costs to respondent.

McQUADE and DONALDSON, JJ., concur.

McFADDEN, Chief Justice (dissenting).

The facts in the present case are basically as stated in the majority opinion, except that there is one critical issue of fact overlooked by the majority. The only independent eyewitness of this accident, Mr. Ronald Johnson, stated in his deposition that the defendant Nephi Voge, at least fifty feet prior to reaching the intersection, was driving at a very slow rate of speed and was over on the extreme right hand side of the road. Mr. Johnson also testified that it appeared that Mr. Voge was lost and that he was looking all around and definitely was not watching the road to the extent that a driver normally would. Although

this testimony is largely contradicted by Mr. Voge's deposition, the conflict in the testimony raises a genuine issue of fact as to the position of the Voge car on the highway immediately prior to the accident.

I.C. § 49–721 requires that in making a left turn on a two-lane highway, a person must be "in that portion of the right half of the roadway nearest the center line thereof * * *." Resolving all doubts and conflicts in the evidence in favor of the appellant, as is required on a motion for summary judgment (Jack v. Fillmore, 85 Idaho 36, 375 P.2d 321 (1962) ), for the purpose of disposing of the motion for summary judgment, it must be assumed that the respondent was negligent as a matter of law for violating I.C. § 49–721 in making a left turn from the extreme right hand portion of the highway and for violating I.C. § 49–724 in failing to give a signal of his intention to turn.

Since there are issues of fact as to the respondent's negligence, the summary judgment can be affirmed, if at all, only upon the ground that the appellant was contributorily negligent as a matter of law. Referring to Bale v. Perryman, 85 Idaho 435, 380 P.2d 501 (1963), and the fact that the collision in the present case took place on the left side of the center line, the majority hold that the appellant was negligent per se or negligent as a matter of law in attempting to pass the Voge vehicle at an intersection in violation of I.C. § 49–713. This negligence, they hold, overcomes the presumption of due care with which the appellant would otherwise be clothed and requires a summary judgment in favor of the respondents.

Bale v. Perryman, supra, however, recognized generally four exceptions to the rule that violation of a positive safety statute is negligence per se:

"Such circumstances may generally be classified in four categories: (1) Anything that would make compliance with the statute impossible; (2) Anything over which the driver has no control which places his car in a position viola-

tive of the statute; (3) An emergency not of the driver's own making by reason of which he fails to obey the statute; (4) An excuse specifically provided by statute."

In Bale v. Perryman, supra, there was no question that the plaintiff was passing the defendant at an intersection in violation of the statute. In the present case, on the other hand, there is circumstantial evidence, presented in the deposition of the eyewitness of the accident, from which a jury might find that the appellant was on the left hand side of the highway, not to pass the respondent, but to avoid a collision occasioned by Mr. Voge's negligence. This evidence, interpreted most favorably to the appellant, shows that Mr. Voge was driving very slowly on the extreme right hand side of the highway, a factual situation which this court has on other occasions stated might constitute an invitation to a following driver to pass. See Woodman v. Knight, 85 Idaho 453, 380 P.2d 222 (1963). See also Adams v. Brown, 37 Tenn.App. 258, 262 S.W.2d 79 (1953). Additionally, Mr. Voge turned suddenly in front of the appellant without giving the proper signal. It is reasonable that on the basis of these facts a jury might find that the appellant was forced into the left hand lane in an attempt to avoid a collision.

In Petersen v. Parry, 92 Idaho 647, 448 P.2d 653 (1968), this court recognized that circumstantial evidence might explain the apparent violation of a safety statute and bring a person within one of the four exceptions mentioned in Bale v. Perryman, supra. In Petersen v. Parry, supra, this court held that the facts surrounding the accident sufficiently showed that a driver was on the wrong side of the road only in an attempt to avoid a collision and thus was not negligent per se.

Moreover, the appellant in the present case is clothed with a presumption of due care, which is to be weighed with other facts as evidence on his behalf. Geist v. Moore, 58 Idaho 149, 166, 70 P.2d 403 (1937); Bell, Handbook of Evidence for the Idaho Lawyer, pp. 238–239. Since on the basis of this evidence reasonable men might reach different conclusions as to why the appellant was in the left lane, whether he was in violation of the statute and, consequently, contributorily negligent is an issue for the jury. Stallinger v. Johnson, 65 Idaho 101, 139 P.2d 460 (1943); Kelley v. Bruch, 91 Idaho 50, 415 P.2d 693 (1966).

The majority state that the appellant has failed to come forward with any opposing materials explaining or justifying his negligence. The deposition of Mr. Ronald Johnson, who observed the Voge automobile immediately prior to the accident, however, presents circumstantial evidence from which the jury could find that appellant was forced into the wrong lane in order to avoid a collision. This court has recognized that circumstantial evidence might be sufficient to defeat a motion for summary judgment. Petricevich v. Salmon River Canal Co., 92 Idaho 865, 452 P.2d 362 (1969).

Even assuming, however, that the appellant was in violation of I.C. § 49–713 and thus negligent per se, there remains the issue whether such negligence was the proximate cause of the accident, because contributory negligence will not bar a plaintiff's recovery unless it proximately caused his injury. Chatterton v. Green, 375 F.2d 258 (9th Cir. 1967); Maier v. Minidoka County Motor Co., 61 Idaho 642, 105 P.2d 1076 (1940).

Proximate cause is generally a question of fact for the jury. Lindhartsen v. Myler, 91 Idaho 269, 420 P.2d 259 (1966); Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966); Dewey v. Keller, 86 Idaho 506, 388 P.2d 988 (1964). There are numerous cases from other jurisdictions involving facts identical, or nearly identical, to those in the present case holding that whether contributory negligence in passing at an intersection is the proximate cause of a collision resulting when another car turns left at the intersection without signaling is an issue for the jury. See Adams v. Brown, 37 Tenn.App. 258, 262 S.W.2d 79

(1953); Oil Transport Co. v. Pash, 191 Kan. 229, 380 P.2d 341 (1963); F. E. Fortenberry & Sons, Inc., v. Malmberg, 97 Ga.App. 162, 102 S.E.2d 667 (1958); Jumper v. Goodwin, 239 S.C. 508, 123 S.E.2d 857 (1962). See also Annot. 39 A.L.R.2d 15, § 6 pp. 43–45.

In Jumper v. Goodwin, supra, a case involving a factual situation nearly identical to that in the present case, the court stated that

"Here the evidence is readily susceptible of the inference that the negligence on the part of the respondent [in passing at an intersection] did not contribute to the collision as the proximate cause thereof. It is readily susceptible of the inference that had the driver of the truck taken any care or precaution whatsoever, he would have seen the respondent overtaking him and would have seen her turn on her signal lights and start to go around him in ample time to avoid the effect of respondent's carelessness and prevent injuring her, and that, therefore, the reckless conduct of appellant's driver was the sole, proximate cause of the collision." 123 S.E.2d at 860.

Similarly in Adams v. Brown, supra, another case surprisingly similar to the case at bar, the court stated that

"Although negligence per se, we think it is a permissible inference from the proof that plaintiff's violation of the statute prohibiting passing at intersections was not intentional or willful and that, to some extent, it was invited by the failure of the driver of the truck to give a signal of his intention to turn. We may assume that if such a signal had been given as required by statute plaintiff would not have attempted to pass until the turning maneuver had been completed. On the other hand, reasonable minds might well conclude that plaintiff's violation of the statute merely placed her in a position to be injured as the proximate result of the violation of another statute by the driver of the truck. If so, her negligence would not be re-garded as a proximate cause and would not bar a recovery. 38 Am.Jur., Negligence, Section 13, p. 898." 262 S.W.2d at 81.

Several other cases have reached the same result on different theories or reasoning. See Madron v. McCoy, 63 Idaho 703, 126 P.2d 566 (1942); Le Blond v. Townsley, 108 Cal.App. 81, 290 P. 1051 (Cal.App. 1930); Clark v. Sumner, 72 So.2d 375 (Fla. 1954); Lemkie v. Boice, 329 Mich. 278, 45 N.W.2d 288 (Mich. 1951).

Under the facts of the present case, a jury, weighing the presumption of due care and the evidence that the respondent turned left, without signaling, from the extreme right hand side of the highway, could reasonably find that the appellant was not attempting to pass the respondent at the intersection, but rather was merely attempting to avoid a perilous situation created by the respondents' negligence. Moreover, even if a jury should conclude that the appellant was negligent in attempting to pass the respondent, it might nevertheless legitimately conclude that this negligence was not the proximate cause of the accident.

"'A motion for summary judgment must be denied if the evidence is such that conflicting inferences could be drawn therefrom, or if reasonable men might reach different conclusions.' [Merrill v. Duffy Reed Constr. Co., 82 Idaho 410, 353 P.2d 657 (1960) ]

* * * * * *

It is generally recognized that the evidence presented at the hearing upon a motion for summary judgment must be liberally construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences which might be reasonably drawn from the evidence." Jack v. Fillmore, 85 Idaho at 42, 375 P.2d at 323–324.

For these reasons the summary judgment should be reversed and the case remanded for trial.

HAGAN, D. J., concurs.