[Civ. No. 20166.   Second Dist., Div. Three.   Dec. 30, 1954.]

WARREN G. HUSKEY, Appellant, v. MANUEL A. GARCIA et al., Respondents.

Russell H. Pray, William C. Price and Smead F. Kelley for Appellant.

Parker, Stanbury, Reese & McGee, Richard E. Reese and James V. Brewer for Respondents.

WOOD (Parker), J.—Action for damages for personal injuries allegedly sustained by plaintiff in a collision of three automobiles. In a nonjury trial judgment was for defendants. Plaintiff appeals from the judgment.

Appellant contends that the evidence was insufficient to support the judgment.

The collision occurred on March 28, 1951, about 11:30 a. m., at the intersection of Pacific Coast Highway and Gardena Avenue in Long Beach.   Pacific Coast Highway extends east and west and has six traffic lanes—three lanes for

eastbound traffic and three lanes for westbound traffic. Plaintiff was driving a Pontiac automobile in a westerly direction on Pacific Coast Highway, in the westbound lane next to the center line. Defendant Garcia was driving a Chevrolet truck in a westerly direction, in the same lane in which plaintiff was driving, and about 30 feet behind plaintiff's automobile. Defendant Gill was driving a Chevrolet automobile in an easterly direction on Pacific Coast Highway in the eastbound lane next to the center line. Gill intended to make a left turn onto Gardena Avenue.

Plaintiff testified that during the last half block as he approached the intersection he was traveling from 20 to 25 miles an hour. When he was about 80 feet east of the intersection he saw Gill's automobile which was about 80 feet west of the intersection. It slowed down and he (plaintiff) thought it might make a left turn in front of him. He gave a ''slow-down'' signal by putting his left arm out the window and down, and he slowed down. When the front of his (plaintiff's) automobile was about halfway over the east side (entrance) of the intersection (the pedestrian crosswalk) Gill's automobile swung in front of him and then stopped—the two front wheels of Gill's automobile were north of the center line of Pacific. Then plaintiff, while traveling about 5 miles an hour, applied his brakes fairly hard and tried to stop, and then there was an impact. Everything happened so quickly that he did not know what happened. He does not know which collision was first—whether it was the collision between his car and the truck or between his car and Gill's car. His brakes were good. Prior to the accident his automobile did not swerve and the tires did not slide. He did not see the truck until after the accident, when it was back of plaintiff's automobile.

A witness, called by plaintiff, testified that on the day of the accident she was on the sidewalk near said intersection. She heard the squeak of brakes, and then she saw a truck, a Pontiac automobile, and a Chevrolet automobile. The Pontiac was traveling between 10 and 15 miles an hour and its front bumper was even with the east curbline of Gardena and next to the double line of Pacific. The Chevrolet was about even with the west curbline of Gardena and it was going very slowly. The truck was traveling about 30 miles an hour, was partly in the lane next to the double line of Pacific and partly in the next lane (north), and about 3 feet from plaintiff's automobile. The truck struck plaintiff's automobile

and pushed it across the double line of Pacific and into the Chevrolet automobile—the left front of plaintiff's automobile struck the front of the Chevrolet. The Chevrolet was moving when it was struck. (She also testified that the Chevrolet was not moving.) The collision between plaintiff's automobile and the truck occurred before those automobiles reached the intersection, and the other collision occurred beyond the west curbline of Gardena. After the impact between the truck and plaintiff's automobile, the truck went forward about a car length and into the lane to the right of the lane where the impact had occurred.

Defendant Garcia testified that when he was behind plaintiff in the block east of Gardena he was traveling about 30 miles an hour and plaintiff was traveling about the same speed. As plaintiff's automobile approached the intersection it was about 25 feet ahead of him. As it was entering the intersection he saw the rear light of the automobile go on. He knew plaintiff was going to stop and he (Garcia) applied his brakes and turned to the right, and then the left front of his truck collided with plaintiff's automobile. At the time of the collision plaintiff's automobile was approximately in the middle of the intersection. Garcia had no warning that plaintiff was going to stop until the rear light of plaintiff's car came on as plaintiff was entering the intersection. Plaintiff made "a very sudden stop." When he saw the light he (Garcia) applied his brakes. After the collision Gill's car was a foot or two feet over the center line of Pacific.

Defendant Gill testified that prior to the accident, he was traveling about 25 miles an hour. As he came into the intersection he saw westbound traffic, he slowed down and gave a signal for a stop by putting his hand out and down. He then came to a stop. His automobile was about in the center of Gardena. He first saw plaintiff's car when it was about 100 feet from him (Gill). It was traveling about 25 miles an hour. It slowed down and when it was about 25 feet from his (Gill's) automobile it started to veer toward him, it came across the center line and struck his automobile. At the time of the impact, plaintiff's automobile was traveling about 15 mile an hour. Immediately thereafter plaintiff's automobile was struck in the rear by the truck—the collision between plaintiff's automobile and the truck was after the collison between the two automobiles. He also testified that when he came to a stop (prior to the accident) plaintiff's automobile was about 25 feet from him.

The court found that defendant Gill brought his automobile to a stop within the intersection; that defendants Garcia and Gill did not negligently operate their vehicles so as to cause them to collide with the automobile which plaintiff was operating; that plaintiff negligently operated his automobile so as to cause it to cross the center line of Pacific Coast Highway and strike the automobile of Gill in a head-on collision on the wrong side of the highway for plaintiff, and as a result thereof plaintiff's automobile was struck in the rear by the truck being driven by Garcia; that the collisions, with the automobile operated by Gill and with the truck operated by Garcia, were due directly and proximately to the negligence of plaintiff and not due in any respect to any negligence of defendants Garcia and Gill.

Appellant asserts that the evidence shows that Garcia and Gill were guilty of negligence as a matter of law. As to Garcia, appellant argues that such negligence consists of acts committed by Garcia as follows: running into the rear of the automobile ahead of him; following too closely; traveling at excessive speed; failing to avoid the collision when plaintiff's stop light went on; failing to see plaintiff's automobile as it gradually slowed down. As to Gill, appellant argues that such negligence (as a matter of law) consists of acts committed by Gill as follows: making left turn in front of plaintiff; failing to give proper signal for left turn; failing to see the truck before the accident. Different inferences could be drawn from the evidence pertaining to the various specifications of negligence referred to in plaintiff's argument. The evidence as to negligence of Garcia and Gill presented questions of fact for the determination of the trial court. As above shown, the court found that Garcia and Gill were not negligent. The contention that the defendants were guilty of negligence as a matter of law is not sustainable.

Appellant asserts that there was no evidence of any negligence on the part of plaintiff. He argues that his speed was not excessive or unreasonable; he saw the Gill automobile approaching and anticipated its action; he did not make a quick stop, but slowed down gradually; he gave a signal of his intention of slowing down. Different inferences could be drawn from the evidence pertaining to the subject matter of those arguments. As above shown, the court found that plaintiff negligently operated his automobile so as to cause it to cross the center line of Pacific Coast Highway (onto the wrong side of the highway) and strike Gill's automobile, and as a result plaintiff's automobile was struck in

the rear by Garcia's truck; and that the collisions were due proximately to the negligence of plaintiff. There was evidence (testimony of Garcia) that plaintiff made a very sudden stop; that he gave no warning that he was going to stop until the rear (stop) light of plaintiff's automobile went on as plaintiff was entering the intersection. With reference to Gill, there was evidence that Gill slowed down, gave a signal for a stop, and stopped when plaintiff's automobile was about 25 feet from him; and that plaintiff's automobile veered toward him, crossed the center line and struck Gill's automobile. The question as to negligence of plaintiff was one of fact for the trial court. The evidence was sufficient to support the findings of the court.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.