401 P.2d 419

**Robert ROBLEDO, Administrator of the Estate of Joe D. Robledo, Deceased, Appellant,**

**v.**

**George Richard KOPP, and Associated Car Leasing Co., a California corporation, Appellees.***

**1 CA–CIV 13.**

Court of Appeals of Arizona.

May 6, 1965.

Rehearing Denied June 10, 1965.

Review Granted June 29, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7465. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Gibbons, Kinney & Tipton, By: Jack C. Warner, Phoenix, Attorneys for the Appellant.

Moore, Romley, Kaplan, Robbins & Green, By: Robert H. Green, Donald R. Wilson, Phoenix, Attorneys for the Appellees.

JACK D. HAYS, Judge, Superior Court.

This is an appeal from the action of the Superior Court in granting defendant's motion for directed verdict.

The Appellant, hereinafter designated as plaintiff, called five witnesses to the stand in support of his wrongful death action. Two of the witnesses were sons of the deceased, who had no knowledge of the facts incident to their father's death. The other three witnesses were police officers, who testified as to conditions which they found after the accident occurred; they were also called upon for expert testimony. Plaintiff then rested, but was given leave to reopen when defendant moved for a directed verdict. Plaintiff called the defendant for cross-examination and again rested. Defendant's motion for directed verdict was then granted.

The question presented by this appeal is whether or not plaintiff's evidence viewed in a light most favorable to him presented

an issue for the jury as to whether or not the Defendant was negligent in the operation of his vehicle.

The facts as shown by the evidence presented are these: the deceased, Joe D. Robledo, was struck by an automobile driven by the defendant, George Richard Kopp. This occurred on August 22, 1959, at approximately 11:00 o'clock p. m. The defendant was driving east on East McDowell Road near Agency Road in Maricopa County when the deceased suddenly appeared in front of his 1959 Chevrolet Impala and was struck. The point of impact was established as being in the lane nearest the center line of a four-lane highway. It was a dark night, and the deceased was dressed in dark clothing.

The defendant testified that he was driving 35 miles per hour at the time of the accident, and testimony of one of the officers indicated that defendant at one time, at the scene following the accident, had stated that he was traveling between 40 and 45 miles per hour. The posted speed limit was 45 miles per hour.

Defendant could not positively state whether his lights were on high or low beam. Testimony indicated that this area was open country, the road was straight and level, and there was foliage and some trees along the side of the road.

A police officer gave his opinion that from the physical condition of the body the deceased was struck either on high right side or full front. Expert testimony indicated that if defendant's automobile was traveling 35 miles per hour, it could not have been stopped within less than 101 feet from the time the driver perceived the danger.

Plaintiff, in his brief, sets forth two assignments of error and some eighteen propositions of law. In this opinion we shall refer only to those points which are demanding of answers.

█ It is basic law that a motion for directed verdict admits the truth of all of plaintiff's competent evidence, together with all reasonable inferences to be drawn

therefrom. Joseph v. Tibsherany, 88 Ariz. 205, 354 P.2d 254, 257 (1960). It is also basic that a directed verdict is authorized only where the evidence is insufficient to support a contrary verdict, or is so weak that a court would have felt constrained to set it aside. Costello v. Wood, 89 Ariz. 270, 361 P.2d 10, 11 (1961). The granting or denial of a motion for new trial is directed to the sound discretion of the trial court, and the trial court's ruling on such motion will not be disturbed except upon a showing of an abuse of discretion. Murphy v. Thompson, 70 Ariz. 250, 219 P.2d 334 (1950); Colfer v. Ballantyne, 89 Ariz. 408, 363 P.2d 588 (1961).

█ Plaintiff presents the argument that pedestrians in the nighttime do not materialize from nowhere to be struck in a spot some fourteen feet from the nearest shoulder; hence, the jury properly could have found defendant negligent. Defendant counters by arguing that pedestrians can and do materialize suddenly on a street or road, especially when the night is very dark and the clothes they wear are very black; hence, a jury could only find negligence as a result of sheer speculation.

Appellant refers to a pedestrian's equal right to the use of the highways, and cites Coe v. Hough, 42 Ariz. 293, at 298 and 299, 25 P.2d 547 (1933) and Pearson and Dickerson Contractors, Inc. v. Harrington, 60 Ariz. 354, 360, 361, 137 P.2d 381 (1943). However, this rule must be applied along with Arizona Revised Statutes, Section 28-793, subsec. A, which says: "Every pedestrian crossing a roadway at any point other than a marked cross walk or within an unmarked cross walk at any intersection shall yield the right of way to all vehicles upon the roadway." The Arizona cases cited by Appellant in support of his positions are not directly in point in that the evidence in each tends to show the object struck by the motorist was at the specific location where with the exercise of due care the motorist would have been able to see it. There is no such evidence in the case at hand.

Appellant presupposes in all of the positions which he takes that the deceased was in the road for a period of time which would make failure to see him negligence on the part of the Appellee driver. We find no evidence to this effect in the record.

■ Appellant further argues that there is a presumption that the deceased pedestrian was exercising due care for his own safety at the time he was killed; this presumption standing alone does nothing more than establish an absence of contributory negligence on the part of the deceased. It does not assume the character of evidence of the negligence of the driver, which must be established aside from the presumption. Cannon v. Kemper, 23 Cal.App.2d 239, 73 P.2d 268, 269, District Court of Appeals, Third District, California, 1937. Hearing denied by the Supreme Court. The Arizona case cited by Appellant on this point, Davis v. Boggs, 22 Ariz. 497, 199 P. 116 (1921), is in accord with Cannon v. Kemper.

■ Plaintiff's final point deals with the application of the doctrine of res ipsa loquitur to the facts of this case. Plaintiff cites Pickwick Stages Corporation v. Messinger, 44 Ariz. 174, 36 P.2d 168 (1934) and Phen v. All American Bus Lines, 56 Ariz. 567, 110 P.2d 227 (1941). Neither of these cases deals with a situation involving pedestrians, nor do we find any helpful similarities therein to the case at hand.

In the case of Stewart v. Crystal Coca-Cola Bottling Company, 50 Ariz. 60, 68 P.2d 952 (1937), the Court said: " * * * It is only where the existence of negligence is a more reasonable deduction from the facts shown that a plaintiff is permitted to call this rule to his aid. It 'should not be allowed to prevail where, on proof of the occurrence, without more, the matter still rests on conjecture alone.' "

The Court further says in that same case: " * * * The fact that the plaintiff may, in a proper case, rely on this rule does not mean, however, that he is excused from proving negligence, for there is no exception to the rule that one seeking damages for an injury caused thereby must establish that negligence by a preponderance of the evidence. * * * "

■ In view of the fact that in the record we can find no evidence of negligence, we feel that the action of the trial court in granting the motion for directed verdict is a proper exercise of that court's discretion.

STEVENS, C. J., and CAMERON, J., concur.

NOTE: Judge Francis J. Donofrio having requested that he be relieved from consideration of this matter, Judge Jack D. H. Hays was called to sit in his stead and participate in the determination of this decision.