[Civ. No. 22133.   First Dist., Div. Three.   July 26, 1965.]

HAZEL LEIGHTON, Individually and as Administratrix, etc., Plaintiff and Appellant, v. CHARLES ALFRED DODGE, Defendant and Respondent.

Mercant & O'Brien, Samuel D. O'Brien, Berns & Steinberg, Bertram M. Berns and Ralph J. Steinberg for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appel and John B. Stohlton for Defendant and Respondent.

DEVINE, J.—Appellants are plaintiffs in a personal injury and property damage action in which a jury found for defendant. Robert Leighton, driver of the vehicle in which plaintiff Hazel Leighton was a passenger, is deceased, but his death was not caused by the accident. The Leightons were riding in a northerly direction on Highway 17 between Los Gatos and Santa Cruz, and the Dodges were behind them, traveling in the same direction. The stretch of road where the accident occurred was a construction zone, of which drivers

were warned by large ''Construction Zone'' signs, signs limiting speed up to 45 miles per hour, barricades and flashers. Three weeks before, asphalt pavement had been installed. The highway narrowed from four to two lanes about one-half or three-quarters of a mile south of the place of the accident.

It had been drizzling for several hours, and the surface of the road was wet from rain. Traffic was proceeding in a steady stream. Respondent estimated his driving speed to be from 30 to 40 miles per hour; his wife estimated it to be 35 to 40 miles per hour. Although respondent did not have a clear recollection of how long he had been following appellants' automobile, testimony at the trial indicated that it was at least from the point where the highway narrowed. Testimony at trial indicated that respondent maintained a constant interval of three to four car lengths of distance between his car and appellants'.

Appellants observed the automobile in front of them begin to spin on the wet pavement. Mrs. Leighton testified that Mr. Leighton pumped his brakes and waved his hand out of the driver's window. He then pulled his car over to the shoulder and came to a complete stop with the right side of the car resting on the shoulder and the left side resting on the highway. Respondent saw the car directly ahead of appellants suddenly begin spinning in a circle on the highway. He immediately applied his brakes, but his car skidded straight ahead into the rear of appellant's. He testified that when he applied his brakes, they seemed to be holding but the car kept skidding straight ahead as if it were on ice or oil. His wife testified that she was surprised the automobile did not stop because ''it should have stopped in the amount of space that it had to stop and the speed it was going.'' Respondent's wife testified that something seemed to be wrong with the road surface, which was newly installed oiled asphalt.

The collision damaged the rear of appellants' and the front of respondent's cars. Appellant Hazel Leighton claimed that she suffered severe injuries to her neck and spine, requiring substantial medical expenses. No skid marks appeared on the road. The investigating officer from the California Highway Patrol testified that skid marks do not show through on a wet asphalt or concrete surface. The asphalt pavement had been recently installed. The officer made a specific inspection of the highway to determine if surface oil had caused the accident and he saw none. Respondent did not see any mud, debris, or surface oil on the highway in the vicinity

of the accident. Respondent introduced evidence that three other accidents occurred within nearly a half hour and 100 feet of this accident. These are described below.

*Negligence—Question of Law or of Fact*

██ Appellants contend that under the circumstances respondent was guilty of negligence as a matter of law, because the evidence permits this as the sole reasonable conclusion. It is argued that violations of Vehicle Code section 22350, the basic speed law, and of section 21703, the statute forbidding following another vehicle too closely, are shown as a matter of law.

We must reject this argument. ██ When one vehicle runs into the rear of another, negligence is not necessarily established as a matter of law. (*Kralyevich* v. *Magrini,* 172 Cal.App.2d 784, 792 [342 P.2d 903]; *Lowenthal* v. *Mortimer,* 125 Cal.App.2d 636, 638 [270 P.2d 942]; *Turkovich* v. *Rowland,* 106 Cal.App.2d 445, 447-448 [235 P.2d 123]; *Wohlenberg* v. *Malcewicz,* 56 Cal.App.2d. 508 [133 P.2d 12].)
██ Whether Vehicle Code section 22350 has been violated is a question of fact. (*Huskey* v. *Garcia,* 130 Cal.App.2d 43, 46 [278 P.2d 101].) The same is true of section 21703. (*Huskey* v. *Garcia, supra,* p. 46; *Oliver* v. *Boxley,* 181 Cal.App.2d 471 [5 Cal.Rptr. 468].)

██ The evidence surely is not susceptible of the single inference that respondent was driving almost blindly ahead. It was drizzling, but he saw the spinning car ahead of appellants. The case, on its facts, is unlike that cited by appellants, *Cannon* v. *Kemper,* 23 Cal.App.2d 239 [73 P.2d 268], in which the driver was going in a heavy rain at 35 miles per hour when his visibility was limited to about 25 feet. The court referred to the verdict for plaintiff as the only reasonable conclusion; but in *Cannon* the judgment was *affirmed.* In *Gray* v. *Brinkerhoff,* 41 Cal.2d 180 [258 P.2d 834], a pedestrian in a marked crosswalk, walking with a green light, was run down in clear daylight. The defendant's account, given full credence, made out no defense. In the case before us, if the triers of facts accepted the evidence produced by the defendant, they could reasonably decide that he was not negligent. In *Wilding* v. *Norton,* 156 Cal.App.2d 374, 379 [319 P.2d 440], the court said that drivers are bound to know the conditions at which they can drive with a reasonable degree of safety; and appellants argue that we should also include that respondent should have known his

speed to be excessive under the conditions. But this is not for us to do. Judgment for defendants in the *Wilding* case was not reversed by the appellate court's substituting its judgment on facts for that of the jury, but by the court's holding it error for the jury to have been given an instruction which made a passenger's duty virtually equal with that of the driver.

Appellants say that there is no evidence that respondent pumped his brakes or applied them gradually to avoid skidding. But these are arguments which the triers of fact must weigh, for they must be related to time and place and all of the circumstances; they cannot effect reversal of the judgment.

### Evidence of Other Accidents

■ Respondent defended on the proposition that the road was extraordinarily slippery at the locale of the accident; that he was not in any respect negligent. To corroborate his own testimony, which no doubt was the most important, he produced evidence of three other skidding occurrences. This evidence was admitted, over appellants' objections. Appellants contend this was error.

The first occurrence was that of the vehicle directly ahead of appellants. There is no testimony by appellants that this vehicle was speeding as it went along the highway, but it began to spin. The second occurrence is the one which is the subject of this case. The third occurrence is that of the vehicle directly behind respondent, which also skidded. The fourth happened about a half hour later. A vehicle skidded into one ahead. The driver was looking at the highway patrolman at the moment of impact, and from this fact appellants argue that inattentiveness, not the condition of the highway, was the fault. But the vehicle had been skidding, and the noise of the skidding had caused the officer to look up.

Appellants contend: (1) that evidence of other accidents should be excluded completely in a case, as this one is, where defendant is seeking to show, by other accidents, a dangerous condition against a plaintiff who is under no duty to maintain the premises (here, the highway); and (2) that if it is not to be excluded absolutely, evidence of other accidents in such cases should be received only on the strictest showing of similarity of circumstances. As so often happens, where one would expect a plenitude of cases, there is a dearth; here, on the admissibility of evidence of other accidents when offered

by the *defendants*. Admissibility of evidence of other accidents usually is an issue on the subjects of the maintaining by a defendant of a dangerous condition of property and of notice thereof, and of failure to repair by one who has the duty to repair. But if no direct authority is to be found (and counsel have found none) on the admissibility of such evidence as was allowed in this case on behalf of a defendant, logic itself justifies the receiving of the evidence. The purpose of the evidence was a limited one. It was not offered to prove that anyone was negligent in maintaining the highway, nor to prove notice. It was offered to show a physical condition, namely, excessive slipperiness of a portion of the highway. Defendant and his wife testified to this condition as having prevented the stopping of their vehicle. Surely, there is relevancy, in testing their testimony, in evidence (its weight being for the jury) that other vehicles were skidding at the same stretch of highway, not more than 100 feet apart. Indeed, appellants gave some recognition to this relevancy at the trial, for they introduced the testimony of a highway patrol officer, and this before the evidence offered by the defense of other accidents, that he had driven at fairly high speeds over the newly installed asphalt and had no trouble stopping his patrol car. This evidence was relevant, and subject to being weighed by the jury, but it was also subject to relevant offsetting evidence. Appellants also produced testimony of the officer that he examined the road and saw no oil or foreign substance. The officer also testified that one accident frequently begets another, in that it starts piling up traffic. But none of the evidence produced by appellants compels an absolute conclusion that there was no oil or oiliness on the surface of the road, or slippery condition.

It may be inferred by a jury, if the jury finds it reasonable to do so, that several vehicles do not ordinarily spin and skid along the same small measure of highway, and that if witnesses testify, as defendant and his wife did, that the effect of braking on their vehicle was to produce skidding, their testimony gains corroboration from the other occurrences.

Appellants mention the dangers in the admissibility of the evidence in the matters of surprise, prejudice, undue consumption of time, and distraction of the jury's attention from the issues. In this case, there appears to have been no surprise; none was expressed by counsel at the trial. At least two of the other occurrences were during the time when all of the parties were at the scene. There was very little consump-

tion of time at the trial, which was a very short one. The jury's attention remained focused on the issues of negligence and proximate cause, because all of the evidence of the case related to the place of the accident and to the time shortly before and after it. Many ''other accident'' cases present occurrences days or months removed. Many of them have to do primarily with the conduct of actors rather than with condition of a locale, a distinction noted in *Gilbert* v. *Pessin Grocery Co.*, 132 Cal.App.2d 212, 221 [282 P.2d 148]. As to prejudice, it may be that in some cases, where the evidence of other accidents is offered against one who has the duty of maintaining the premises, the subject of prejudice would be important. Here, the condition of the highway was unrelated to duty of maintenance by any party. It was an impersonal thing.

Appellants' more limited argument, that the other accidents must be shown to have occurred under substantially the same conditions, is unavailing. ■ The question of admissibility is primarily one for the trial court and is confined to its sound discretion. (*Kopfinger* v. *Grand Central Public Market*, 60 Cal.2d 852, 860 [37 Cal.Rptr. 65, 389 P.2d 529]; *Martindale* v. *City of Mountain View*, 208 Cal.App.2d 109, 116 [25 Cal.Rptr. 148]; 2 Wigmore, Evidence (3d ed. 1940) § 444, p. 430.) Here, the accidents were closely connected in time and place. The case of *Wilkerson* v. *City of El Monte*, 17 Cal.App.2d 615 [62 P.2d 790], cited by appellants, is quite distinguishable. In that case, the various episodes which might have proved that a dip in the road constituted a dangerous condition occurred over a period of years, and they were not seen by any witness. The neighbors had testified to noises that they had heard and similar circumstances, but no one could say anything about the speed of the vehicles.

It is argued that the other drivers may have been negligent, but this, no doubt, was argued to the jury too. As to speed, there is no testimony that the vehicle directly ahead of appellants, and which was in view of Mrs. Leighton, was speeding. An inference might be drawn by trial judge and jury that none of the vehicles was speeding, because the testimony indicated that all vehicles were proceeding in a steady stream along a highway which had been narrowed to two lanes. A like inference might be drawn as to the keeping of distance between vehicles. Then, as to vigilance and due care in applying brakes, of course it is possible that all of the

drivers of other cars than the parties' were negligent, but the jury might conclude that this was not likely; and, anyway, the question of Dr. Dodge's manner of braking, even if the road was slippery, was put before the jury by appellants. The judge instructed the jury that "The only purpose I am permitting testimony of other accidents that occurred is because they occurred at a close proximity to this accident, at about the same time, and may tend to show you something of the condition of the highway, if you wish to take that into consideration. Of course, it's up to you to decide."

It was not necessary for respondent to produce the drivers of the other skidding vehicles. The practicalities of the case must be considered. (See *Gilbert* v. *Pessin Grocery Co., supra,* 132 Cal.App.2d at p. 219.) The essential testimony on the subject of care exercised by defendant Dodge was Dodge's own testimony; the evidence of the other episodes was received simply as corroborative, to the extent that the jury might find it so, of his testimony.

### Instruction to the Jury

As counsel were about to argue the case, the judge spoke to the jurors rather informally, saying that they were to decide on the facts, that they were free to accept or reject the attorneys' theory, and that if the jurors' opinion of the facts differed from the lawyers', the jurors should accept their own version. Appellants argue that this instruction told the jury, in effect, that they could ignore the uncontradicted testimony of the highway patrol officer. We find no merit in this. The effect of the instruction was simply to admonish the jury that the arguments of counsel are not evidence.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurrea.

Appellant's petition for a hearing by the Supreme Court was denied September 15 ,1965.