99 Ariz. 366 (1965)
409 P.2d 288
Robert ROBLEDO, Administrator of the Estate of Joe D. Robledo, deceased, Appellant,
v.
George Richard KOPP, and Associated Car Leasing Co., a California corporation, Appellees.
No. 7465-PR.
Supreme Court of Arizona. En Banc.
December 15, 1965.
Rehearing Denied January 11, 1966.
*367 Gibbons, Kinney & Tipton, by Jack C. Warner, Phoenix, for appellant.
Moore, Romley, Kaplan, Robbins & Green, by Robert H. Green and Donald R. Wilson, Phoenix, for appellees.
BERNSTEIN, Justice.
The administrator of the estate of Joe D. Robledo petitions this court pursuant to Rule 47(b), Rules of the Supreme Court, 17 A.R.S., to review the decision of the Court of Appeals which affirmed the judgment of the Superior Court of Maricopa County, 1 Ariz. App. 251, 401 P.2d 419. The Superior Court had directed a verdict for defendant-appellee after plaintiff-appellant presented his case. The inferences to be drawn from the evidence must be viewed *368 in a light most favorable to the party against whom the verdict was directed. LeRoy v. Phillips, 97 Ariz. 263, 399 P.2d 669.
On August 22, 1959, at approximately eleven o'clock p.m., the decedent, Joe D. Robledo, was struck and killed by an automobile driven in an easterly direction on East McDowell Road by defendant, George Richard Kopp. McDowell Road is a fourlane highway in Maricopa County.
The area where the vehicle struck and killed decedent was not well lighted; the road upon which defendant was driving was paved, straight, dry, and in good condition, the posted speed limit was 45 m.p.h.; and the decedent on the evening in question was clothed in dark colors from head to toe.
At trial defendant could not recall whether his headlights were on high or low beam, but he did "imagine" the lights were operating normally. He testified that his right tires might have been straddling the broken white line dividing the two eastbound lanes on his side of the four-lane highway and that it was his "impression" that decedent was facing the vehicle immediately before impact. The decedent was struck by the right front side of defendant's vehicle. As to defendant's forewarning of decedent on the road he testified:
"A I didn't see him until the moment he appeared in front of my car."
* * * * * *
"Q If you were to estimate the distance from him when you saw him, would you have to conclude that it was so short that you can't estimate it? Is that correct?
"A That's correct.
"Q Probably just a few short feet, maybe eight or ten feet away from the front of your car?
"A I don't think it was that far.
"Q You think it was closer to you than that when you first saw him?
"A It seemed that way."
The Superior Court was of the opinion that plaintiff had failed to prove a prima facie case and granted defendant's motion for a directed verdict. The sole question before us on appeal is whether the trial court erred in directing a verdict in favor of the defendant and in denying plaintiff's motion for a new trial.
It is generally accepted that where a person is killed by a violent injury and there are no eye witnesses there is a presumption that decedent was exercising due care at the time or that he was not seeking death by suicide. In Judis v. Borg-Warner Corp., 339 Mich. 313, 63 N.W.2d 647, the following rebuttable presumptions were set forth:
"* * * Where there is no eyewitness to the accident, it will be presumed, in *369 the absence of any evidence to the contrary, that the deceased used ordinary care and caution [citations omitted]."
* * * * * *
"In the absence of eyewitnesses, presumption exists that deceased exercised due care which may be overcome by proof by witnesses of facts and circumstances immediately surrounding accident from which fair and reasonable inferences may be drawn as to whether or not deceased exercised reasonable care [citations omitted]." 63 N.W.2d at 653.
In Davis v. Boggs, 22 Ariz. 497, 199 P. 116, we said:
"* * * Contributory negligence is a matter of defense, and the plaintiff is not required to prove its absence as a part of his case. The law presumes that the injured party was in the exercise of due care until the contrary is made to appear. The presumption is founded on a law of nature and has for its motives the fear of pain, maiming, and death. * * *" 22 Ariz. 497 at 508, 199 P. 116 at 120.
Accord, Anthony v. Hobbie, 25 Cal.2d 814, 155 P.2d 826; Di Gregorio v. Skinner, 351 Pa. 441, 41 A.2d 649.
Article 18, § 5, Arizona Constitution, A.R.S., provides that: "The defense of contributory negligence * * * shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444. Furthermore, being on the highway is not necessarily negligence on the part of a pedestrian. Anthony v. Hobbie, 25 Cal.2d 814, 155 P.2d 826.
"* * * It may have been that he [decedent] was there for a legitimate purpose, such as crossing the highway, and that he was observant of oncoming traffic, but was blinded by defendant's headlights, or misjudged defendant's speed. Those conditions would indicate a lack of contributory negligence rather than its existence. At most it cannot be said that merely being afoot on a highway at night alone leads to only one possible conclusion, that is, contributory negligence; or that if it was negligence, it proximately contributed to the accident. * * *" Anthony v. Hobbie at 155 P.2d 829.
In the case at bar there is testimony by defendant that he did not observe decedent until the moment decedent appeared in front of his automobile.
In order for a plaintiff to avoid a directed verdict and have his case submitted to the jury he must first satisfy the trial judge that he has a quantity of evidence *370 fit to be considered by the jury so as to insure that a verdict in his favor will be founded upon a reasonable basis. IX Wigmore on Evidence, § 2487, § 2494. To avoid a directed verdict the proponent must submit evidence to establish a prima facie case. A prima facie case requires that there be evidence to justify, not necessarily compel, an inference of liability. It gets the case to the jury for determination. In Apache Railway Company v. Shumway, 62 Ariz. 359, 158 P.2d 142, 159 A.L.R. 857, we held:
"* * * All that is required in negligence cases is for the plaintiff to present probative facts from which negligence and the causal relation may be reasonably inferred." 62 Ariz. 359 at 378, 158 P.2d 142 at 150.
There cannot be detailed tests to control or guide a trial judge in ruling on matters pertaining to the sufficiency of evidence necessary to submit a case to the jury. Rulings must of necessity depend on the nature of the evidence offered in the particular case. Wigmore suggests this test which we adopt to guide us here: "Are there any facts in evidence which if unanswered would justify men of ordinary reason and fairness in affirming the question which plaintiff is bound to maintain?"
In Butane Corporation v. Kirby, 66 Ariz. 272, 187 P.2d 325, we rejected the "range of vision" rule and held:
"* * * [T]he driver of an automobile at night is not required under all circumstances to see any object in the road in front of him which comes within the radius of his lights and be able under all circumstances to stop his car before striking the object. The driver of an automobile at night is guilty of negligence if he collides with an object which he has failed to see and which an ordinarily prudent driver under like circumstances would have seen." 66 Ariz. at 285, 187 P.2d at 334. (Emphasis supplied).
In the recent case of LeRoy v. Phillips, 97 Ariz. 263, 399 P.2d 669, we noted A.R.S. § 28-942[1] and cited the cases reaffirming the view adopted in Butane Corporation v. Kirby, supra, and held that each case requires a reference to the surrounding circumstances in light of A.R.S. § 28-942 which appears to be no more than an ordinary prudent person or reasonable man under the circumstances test.
This decision does not say that pedestrians can not be killed on the road in the absence of the driver's negligence. *371 However, when a driver states that he never saw the deceased until immediately prior to impact and when there is a rebuttable presumption that one exercises due care on his own behalf, and when our constitution provides that contributory negligence is a matter which must be submitted to the jury, there is a strong inference that the driver may have been inattentive to the road.
The decision of the Court of Appeals is vacated, the Superior Court is reversed, and a new trial granted.
LOCKWOOD, C.J., STRUCKMEYER, V.C.J., and UDALL and McFARLAND, JJ., concur.
NOTES
[1] "A.R.S. § 28-942  When a motor vehicle is being operated on a roadway or shoulder adjacent thereto during the times specified in § 28-922, the driver shall use a distribution of light, or composite beam, directed high enough and of sufficient intensity to reveal persons and vehicles at a safe distance in advance of the vehicle * * *".