**Robert A. GISH, Administrator of the Estate of Hershel Glenn Guest, Deceased, Appellant (Plaintiff below),**

v.

**B. E. COLSON, Appellee (Defendant below).**

No. 3842.

Supreme Court of Wyoming.

Oct. 23, 1970.

Harold Joffe, of Scott & Joffe, Worland, for appellant.

Rex O. Arney, of Redle, Yonkee & Arney, Sheridan, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This is a wrongful death case in which Robert A. Gish, as administrator of the estate of Hershel Glenn Guest, deceased, has sued for damages resulting from the death of decedent. The defendant is B. E. Colson, driver of a truck which ran over Guest.

Trial was had to a jury which found for defendant and against the plaintiff. The administrator has appealed from the judgment entered on the verdict. His principal contention, in arguing for a new trial, is that there was a total absence of evidence of contributory negligence; and hence the trial court erred by giving instructions pertaining to the matter of contributory negligence.

We find the contention valid and a new trial necessary.

### The General Rule

■ We think there can be no denial of the general rule that it is prejudicial error to give instructions on contributory negligence if the defense of such negligence is not supported by substantial evidence. Witt v. Jackson, 57 Cal.2d 57, 17 Cal.Rptr. 369, 366 P.2d 641, 647; Larsen v. Jerome Cooperative Creamery, 76 Idaho 439, 283 P.2d 1096, 1099–1100. See also 5 Am.Jur.2d, Appeal and Error § 811, pp. 252–253; and 5A C.J.S. Appeal and Error § 1763(1), pp. 1186–1187.

■ Appellant seems to consider this rule especially applicable because of the principle recognized in this jurisdiction and other jurisdictions, where contributory negligence is an affirmative defense which must be pleaded and proved, that the law presumes (in the absence of eyewitnesses to the accident or other evidence sufficient to dispel or rebut the presumption) that decedent, acting on the instinct of self-preservation, was in the exercise of ordinary care. Wilhelm v. Cukr, 68 Wyo. 1, 230 P.2d 507, 508; Weidt v. Brannan Motor Co., 72 Wyo. 1, 260 P.2d 757, 763; Robledo v. Kopp, 99 Ariz. 367, 409 P.2d 288, 290.

In Hogue v. Southern Pacific Company, 1 Cal.3d 253, 81 Cal.Rptr. 765, 460 P.2d 965, 968, the supreme court of California has said there is no longer a presumption in California that a person who dies as the result of an accident exercised due care for his own safety. The provision of the California code of civil procedure which formerly provided such a presumption had been superseded by a provision in the evidence code which provided: "The party claiming that a person did not exercise a requisite degree of care has the burden of proof on that issue."

Also, in Hutton v. Martin, 41 Wash.2d 780, 252 P.2d 581, 587, the supreme court of Washington said, where there is an instruction that contributory negligence is never presumed, there is no need to resort to a presumption that the deceased was exercising due care at the time of the accident because the rule that no person is presumed to have been negligent until the party having the burden of proof establishes that fact by a preponderance of the evidence furnishes adequate protection for a plaintiff.

■ In Wyoming, Rule 8(c) W.R.C.P., requires the defense of contributory negligence to be pleaded as an affirmative defense. It is axiomatic that the burden of proof for such defense is on the one who asserts it. Therefore, regardless of

whether we say Guest, the decedent, is presumed to have used due care for his own safety or whether we say Colson, the defendant, had the burden of proof as far as contributory negligence is concerned, the result is the same. Either way, we must hold it prejudicial error for the trial court to have instructed on contributory negligence unless there was substantial evidence to support the defense of contributory negligence.

### What Was The Evidence?

This brings us to a review of the pertinent evidence in this case. McGarvin-Moberly Construction Company was surfacing a highway near Shoshoni, Wyoming. A few hundred yards from the highway it had an asphalt hot mix plant. Guest was working for the construction company. The company was leasing dump trucks with drivers to haul the hot mix from the plant to the part of the highway being surfaced. These drivers were not employees of the construction company. Colson was driving such a truck.

In presenting his case, plaintiff used a schematic drawing of the scene of the accident. The drawing was not accurate as to scale and one of the witnesses testified the gravel stockpiles were improperly located on the drawing. For purposes of our limited discussion, however, the drawing is quite sufficient, and we are attaching a copy at the end of this opinion.

The accident happened near the end of a day's work. There had been some malfunction in the drying process and other drivers had gone home. Colson was called upon to receive residue out of the hot plant and haul it to the gravel stockpiles, rather than to the surfacing site. He had made one trip, unloading at a stockpile. In returning for another load from the hot plant, he drove forward to a position from which he could back into the hot plant.

Dumping and weighing in the hot plant is controlled from a control van which is indicated in the drawing. Steps from the van extend close to the course of travel for trucks backing into or coming out of the hot plant. The evidence indicates the wheels of the trucks would come within about two feet from the bottom of the steps. There is another door or exit from the van at the opposite side. Generators in the van were running and quite noisy.

It will be seen from the drawing that Colson had an unobstructed view of the area of the steps and in front of the hot plant as he drove forward for his second load of residue. When he started to back, however, he could see behind him only by using his rear-view mirrors, there being one on the right and one on the left of his truck. He could not see immediately to his rear. He testified he used both mirrors and looked through both. He also testified he did not back at more than one and a half miles per hour.

Colson explained in his testimony, and it can be seen from the drawing, that his line of vision in his right mirror, as he began to back, was toward the dryer. He could not see directly toward the hot plant until he got his truck perpendicular to the hot plant. Thus, as he testified, he was unable to see the van steps as he backed. At no time did he see Guest.

It is apparent from the evidence that right wheels of the truck passed over Guest and, after the accident, his body was in close proximity to the hot plant and bottom of the steps from the control van. It was quitting time. Employees of McGarvin-Moberly Construction Company came to the control van to punch their time cards when they left the job. Guest was seen sitting in the back of his pickup behind the control van minutes before the accident. It was found after the accident that he had punched out.

The deceased was not seen between the time he was sitting in the back of his pickup and when he was discovered beneath Colson's truck after being run over. No

explanations are offered for his movements in the interim. No eyewitnesses saw the accident. The accident happened on the opposite side of the control van from where Guest's pickup was.

Appellee has not attempted to pinpoint the negligence which he thinks was proved against decedent. Instead, he merely states, appellee does not agree with appellant's contention that there was a lack of evidence of contributory negligence on the deceased's part. However, counsel for appellee argues, even assuming for purposes of argument that there was no evidence of contributory negligence, the trial court did not commit error by giving instructions on contributory negligence.

With respect to the contributory negligence instructions which plaintiff's attorney objected to at trial, on the ground that there was no evidence of contributory negligence, counsel for appellee merely says there is no showing by appellant that these instructions were in any way prejudicial or misleading to the jury.

The authorities we have cited for the rule that it is *prejudicial error* to give instructions on contributory negligence, if the defense of such negligence is not supported by substantial evidence, are enough without more to show that this kind of error is prejudicial. We would add, aside from the opinions expressed on this matter in other cases, we consider these instructions definitely misleading to the jury and prejudicial to plaintiff—when there is no substantial evidence of contributory negligence.

In Robledo v. Kopp, 99 Ariz. 367, 409 P.2d 288, 290, the supreme court of Arizona dealt with a case where the evidence disclosed that a driver never saw the decedent until immediately prior to impact. It was said in that case, it is generally accepted that where a person is killed by a violent injury and there are no eyewitnesses, there is a rebuttable presumption that decedent was exercising due care at the time—not that he was seeking death by suicide. It was pointed out that contributory negligence is a matter of defense and plaintiff is not required to prove its absence.

Larsen v. Jerome Cooperative Creamery, 76 Idaho 439, 283 P.2d 1096, 1099–1100, involved an action for death which occurred when a milk truck backed over a nine-year-old boy on his parents' farm. There were no eyewitnesses. An instruction on contributory negligence, which was objected to, was held to be reversible error because the deceased was presumed to have been in the exercise of due care; and there was insufficient evidence to rebut the presumption.

In Graham v. Rolandson, 150 Mont. 270, 435 P.2d 263, 269–270, where an 8½-year-old boy was killed when an automobile struck his bicycle, the court held there was no substantial credible evidence of contributory negligence and instructions as to contributory negligence should not have been submitted to the jury and refusal of such instructions was proper. The court also said speculation, conjecture, inference or guess does not constitute credible evidence of fact.

It was said in Haman v. Prudential Insurance Co., of America, 91 Idaho 19, 415 P.2d 305, 310–311, that the presumption of due care creates a prima facie case of due care upon the part of the person killed, and if there is insufficient evidence presented by the party against whom the presumption operates, the presumption will entitle the party relying upon it to judgment in his favor.

As far as the case before us is concerned, we have searched the record diligently; and we find no substantial evidence, direct or circumstantial, tending to show that Guest, the decedent, acted carelessly or in disregard of his own safety. Only by speculation and guesswork could we assume he was negligent in any respect. His negligence will not be presumed or guessed at.

Therefore, in the absence of substantial evidence of contributory negligence, it was

prejudicial error for the trial court to instruct on contributory negligence when counsel for plaintiff objected to such in- structions. Accordingly, the case must be reversed and remanded for a new trial.

Reversed for new trial.